JUDGE PRYOR
delivered the opinion oe the court.
The claim asserted in this case by the appellees against the appellant originated by reason of the decision of this court •in the case of Preston v. Roberts, reported in 12 Bush, 570.
The General Council of the city of Louisville passed an ordinance for the improvement of Barret Avenue, and directed that the assessment to pay for the improvement should extend to the depth of two hundred and fifty-two feet on the east side and one hundred and forty-seven and one half feet on the west side of the avenue. This court held in Preston v. Roberts that the ordinance was invalid, in so far as it extended the assessment on the east side beyond one hundred and forty-seven and one half feet; in other words, that the assessment should have been made of the same depth on each side in order to produce equality in the burden imposed. The contractor having collected the money due from the parties owning property within the one hundred and forty-seven and one half feet on each side of the avenue, and being unable to enforce any collection by reason of the assessment made upon *20 property beyond the one hundred and forty-seven and one half feet on the east side, instituted this action against the appellants owning property within the one hundred and forty-seven and one half feet to recover the amount he failed to collect by reason of the invalid ordinance, upon the ground that the general council made a mistake in making one side of the taxing district larger than the other, and that the chancellor had the power to correct this mistake and make the property within the one hundred and forty-seven and one half feet assume the whole burden.
The right to exercise such a power is claimed by reason of that portion of the city charter providing “ and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract, but the general council or the courts in which suits may be pending shall make all rules and corrections and orders to do justice to the parties concerned.”
One of the provisions of the charter in regard to such improvements is in substance that “the improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the general council according to the number of square feet owned by them respectively, etc.” Under this provision of the charter, where the property is bounded on all sides by principal streets, or the territory is laid off into squares, there is no difficulty in making the assessment; the charter in such a case has provided the manner in which the assessment shall be made, and every foot of land within the fourth of a square must contribute to pay for the improvement. The city council orders the improvement and the law provides the mode of assessment and the property to be assessed. In such cases when a mistake has been made in the assessment, and a party owning property within the fourth of a square has paid too much, or been omitted from the assessment, or the council *21 has gone beyond the fourth of a square in making the assessment, the courts have the right to correct the mistake or rectify the error, for the reason that the law, when the improvement is ordered, creates and fixes the liability. No discretion is left with the court or council as to the party to be charged or as to the property to be taxed. The chancellor is- only enforcing the • law by requiring the property already selected as the subject for taxation in the particular case to pay it.
The charter further provides “ that when the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public way shall state the depth on both sides fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth as set out by the ordinance.”
The boundary of the district to be taxed in the present case was fixed by the general council under this provision of the city charter. The territory was not defined into squares, and hence the law designating the property to be taxed to pay for the improvement made has no application to the case before us. The legislature has created in the general council the power, when the territory contiguous to the improvement has not been laid off into squares or bounded by principal streets, not only to determine the question of expediency in making the improvement, but of determining the extent of the territory to be taxed. In determining what property shall be taxed, the legislative body of the city must necessarily take into consideration the benefits that must accrue to the owner by reason of the improvement about ,to be made, and will impose the burden to the extent of the benefits derived. This question is left alone to the discretion of the council, and when exercising it within constitutional limits can not be questioned. In cases where the territory, is divided into squares, the question of expediency is the only one adducing itself to the coun *22 oil, and when the improvement is made the law designates the property subject to its payment; but in this character of case it is not only the question of expediency that must be determined, but the council must proceed further, and by legislative action determine what contiguous property is to be taxed and the extent to which it is to be taxed, and when determining how much tax the property-holder is to pay, no court has the power to intervene and adjudge that this taxation must be increased. Such action is purely legislative on the part of the city council, and the chancellor, can not be substituted to determine either the extent or the amount to which the property is to be taxed. There was no mistake on the part of the council in passing the ordinance for the improvement of Barret Avenue. That body intended to tax the property in the manner and to the extent prescribed by the ordinance, and doubtless would not have caused that improvement to be made if required to place the burden on the contiguous territory extending one hundred and forty-seven and one half feet on each side of the street. In determining the ability of the property-holder to bear this burden, and the benefits to be derived by him from the improvement made, the council fixed the burden on one hundred and forty-seven and one half feet on one side of the street, at a prescribed rate of taxation; and in exercising a power that they supposed was conferred by the city charter, undertook to extend the boundary on the other side to two hundred and fifty-two feet, on the idea, no doubt, that each foot of the two hundred and fifty-two feet on the one side would be as much benefited as each foot on the opposite side.
This court in Preston v. Roberts determined that the power to designate the depth to which an assessment should extend was purely legislative on the part of the council, and while conceding the power of the legislature of the state to declare what shall be taxed and the rate of taxation, adjudged *23 that the courts could interpose for the purpose of preventing spoliation under the guise of taxation; and that the general council, in assessing the property on one side to the distance of two hundred and fifty-two feet, made the burden grossly unequal, and in violating this rule of equality had exceeded the power conferred by the charter. , The court in that case stated in cogent terms that it did not assume to correct the legislative action of the general council, but simply to determine the extent of its power to impose a burden in the way of taxation on the property of the citizen. In this case the burden that was properly imposed has been paid, and the chancellor has no power to say that this burden shall be increased. The tax-payer has paid all that he was- required by law to pay, and can be compelled to pay nothing in addition. It may be a hardship on the contractor, yet he must take notice, as well as the citizen, of the ordinance under which he makes his contracts, and when the council exceeds its power by legislating in violation of the constitution, the citizen is not to be held responsible for the consequences.
In all the cases referred to by counsel for the appellees, where this court has passed on the question determining the power of the chancellor to cure the errors in the proceedings of the council, it will be found that the question has arisen where the property contiguous to the improvement is bounded by streets or lies within a square, and all that is left to be done under the law in such cases is to determine by calculation that equality in the apportionment as directed by the city charter, the law having designated the property to be taxed. (Beck v. Obst, 12 Bush, 268; Preston v. Roberts, 12 Bush, 570; Schmelz v. Giles, 12 Bush, 491.)
When the error has been committed under either provision of the charter by the council or others, in the discharge of a mere ministerial duty, the correction may be made; but when legislative, the chancellor has no more power to correct the *24 error than he has to order the street improvement upon the idea that it will benefit the property-holder.
The judgment below is reversed, and cause remanded with directions to dismiss the petition in so far as it attempts to make appellant liable by reason of the failure of the appellees to collect the tax upon the territory embraced by that portion of the ordinance heretofore declared invalid by this court.