CASE 59.—CITY    OF    LOUISVILLE    AGAINST    AMERICAN STANDARD ASPHALT CO., AND BY SAID ASPHALT COMPANY AGAINST CAROLINE SCHUSTER, &C., ON APPORTIONMENT WARRANTS FOR STREET IMPROVEMENTS.—April 30.

## City of Louisville v. Am. Stand. Asp. Co., &c

## Am. Standard Asphalt Co. v. Schuster, &c.

125    497
130    265
f133    452

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

From a judgment against the city, it appeals, and from a judgment in favor of Schuster the Asphalt Company appeals.   Reversed on both appeals.

1.  Municipal Corporations—Street Improvements—Assessments— Liability of City—Under Ky. Stats., 1903, section 2834, relating to cities 'of the first class, providing that in no event, if a street improvement be made as provided either by ordinance or contract, shall a city be liable for such improvement without the right to enforce it against the property receiving the benefit thereof, a contractor cannot recover from the city any loss which may accrue to it by reason of the reapportion-
vol. 125—32.

ment of the assessment on a portion of the territory contained in an assessment district.

2. Same—Tax Districts—Formation—Statutes.—Ky. Stats., 1903, section 2833, declares that the original construction of a street shall be at the exclusive cost of the owners of lots in each quarter of a square, to be apportioned by the board of public works, that each subdivision of territory bounded on all sides by principal streets shall be deemed a square, and that, when the territory contiguous to any public way is not defined into squares or principal streets, the ordinance for the improvement of public ways shall state the depth on both sides fronting the improvement to be assessed or the cost of making the same, according to the number of square feet owned by the parties, respectively, within the depth as set out in the ordinance. Held, that where the property on one side of a street originally improved was defined into squares, but the property on the other side could not be so divided, the assessment district should be formed so as to include territory of equal depth on both sides of the street.

3. Same—Correction of Errors—Ky. Stats., 1903, section 2834, provides that no error in the proceedings of the general council shall exempt from payment after work has been done, as required by either a municipal improvement ordinance or contract, but the general council or courts in which suits may be pending shall make all corrections, rules, and orders to do justice to all parties concerned. Held, that where, on appeal from a municipal assessment, it appeared that the original apportionment of the cost was erroneous, the court was authorized to direct the formation of a new assessment district and the reapportionment of the cost of the improvement according to benefits.

A. E. RICHARDS and A. B. BENSINGER, attorneys for appellant, City of Louisville.

## AUTHORITIES.

1. History of said charter provision, enacted March 5, 1870, Acts 1869-70, page 90, specifically repealed April 1, 1886, Acts 1885-6, page 1153. Re-enacted July, 1893, and now in present charter.

When by taking the proper steps the general council can make any improvements at the cost of the owners of adjacent property, the city can in no event be made liable unless it will have the right to enforce the lien against the property. This class of

City of Louisville v. American Standard Asphalt Co., &c.

cases applies to the case at bar. (Section 2833-2834, Kentucky Statutes; Craycraft, et al., v. Selvage, 10 Bush, 696; Louisville v. Lowe, 10 Bush, 696; City of Louisville v. Nevin, 16 Ky. C. R., 439; Orth, et al., v. Park & Co., 25 Ky. C. R., 1911.)

2. When the nature or ownership of the property is such, that, no power exists, to subject it to an assessment, the city is liable. This class does not apply to the case at bar. (Louisville v. Leatherman, 99 Ky. 213; Cladwell v. Rupert, 10 Bush, 179; Louisville v. Nevin, 10 Bush, 549; Louisville v. Bitzer, 24 Ky. C. R., 2263.)

WILLIAM FURLONG for American Standard Asphalt Company.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. For the purpose of forming assessment districts for street improvement purposes, the court will treat as extended, streets which intersect the street improved, but will not consider as extended a street to one improved. (Nevin v. Cooper, 90 Ky., 85; Orth v. Park, 26 Ky. Law Rep., 184.)

2. Street assessments are founded on conditions existing at the time the ordinance directing the improvement is passed. Subsequent dedications of streets or considerations of what might be done in the future, can not affect the rule of assessment. (Reed v. Bates, 24 Ky. Law Rep., 2312; Nevin v. Roach, 86 Ky., 498.)

3. The City of Louisville having power to contract for street improvement, and being under legal duty to improve them, when the mode of payment to the contractor fails, the city is liable for the work which it has done. (Barber Asphalt Paving Co. v. City of Harrisburg, 64 Fed., 283; City of Louisville v. McNaughton, 19 Ky. Law Rep., 1695; Memphis v. Brown, 20 Wallace (U. S.) 289; City of Louisville v. Bitzer, 24 Ky. Law Rep., 2266.)

ALFRED SELLIGMAN and H. H. NETTLEROTH, for Caroline Schuster and others.

POINTS AND AUTHORITIES.

1. If the territory contiguous to an improvement is not defined into squares, the ordinance directing the improvement must state the depth to be assessed. The act of fixing the depth is a legislative function and must in all cases be performed by the city council, but when the council does act the courts have the power to determine whether or not the depth is fixed in such manner as

to preserve the equality which the constitution requires. (Preston v. Roberts, 12 Bush, 570.)

2. Assessment limits may be restricted- if the council fixes them at too great a depth, but the rate per square foot can not be raised by such restriction of the assessable limits. (Loeser v. Redd & Bro., 14 Bush, 18.)

3. If ordinance prescribes depth and the court restricts this depth on one side, a re-apportionment will be ordered but at the same rate per sqaure foot as would have resulted from an apportionment against the entire district originally included; the contractor must lose the portion which was originally assessed against the property excluded. (Loeser v. Redd & Bro., supra.)

4. If the territory is undefined into squares and the ordinance fails to state the depth to be assessed, no recovery whatever can be had by the contractor against any of the property located on the side of the improvement which is 'undefined,' because the court can not exercise a legislative function. It is otherwise in the case where an improper depth is stated in the ordinance, because in such case the court is called upon to determine whether or not the council has performed a legislative act in a constitutional manner. (Preston v. Roberts, supra; Loeser v. Redd & Bro., supra; Craycraft v. Selvage, 10 Bush, 698.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The general council of the city of Louisville enacted an ordinance for the original construction of Rosewood avenue, between Baxter and Von Borries avenues, with asphalt. The body of the ordinance is as follows:

"Be it ordained by the general council of the city of Louisville:.

"That the carriageway of Rosewood avenue from the southwest line of Baxter avenue to the northeast line of Von Borries avenue, shall be thirty-six (36) feet in width, and shall be improved by grading, curbing, and paving with asphalt pavement, in accordance with the plans and specifications on file in the office of the board of public works. Said work shall be done at the cost of the owners of the ground, as provided

by law, and that all ordinances in conflict herewith be and the same are hereby repealed.''

The contract to construct the work provided for in the foregoing ordinance was awarded to the American Standard Asphalt Company, and the improvement made as prescribed by the ordinance, the specifications on file in the office of the board of public works, and according to the terms of the contract, and was thereafter duly received by the proper officers of the city of Louisville. No technical questions of procedure, or as to the manner in which the work was done, are made in this record. The problem is one of apportionment only. The subjoined map will show the

topography of the territory surrounding the improvement involved in this action. The red lines on either side of Rosewood avenue mark the limits of the tax districts originally established by the general council.

The municipality evidently regarded the territory on both sides of Rosewood avenue, between Baxter and Von Borries avenues, as properly divided into squares by being surrounded on all sides by principal streets. This is shown by the mode of apportionment

provided in the ordinance: "Said work shall be done at the cost of the owners of ground, as provided by law.  *  *  *" And after the work was accepted the apportionment was made on both sides to the center line of the supposed squares. It is not questioned that, had the city been correct in its assumption that the property on both sides of the improvement was defined into squares, the manner of apportionment was proper; but the trouble arises from the fact that, while the territory on the west of the improvement was defined into squares, that on the east is claimed not to be. And this is the first question arising for adjudication.

The quarter squares to the west of the improvement lie between Rosewood avenue and a line parallel with it 349 feet distant. On the east the next street running parallel is nearly 1,500 feet distant, and the territory embraced within the four streets comprises 47 acres; and, if this be assumed to be a square, the taxing district on that side is composed of the property lying between Rosewood avenue and a parallel line 744 feet distant. This territory is so large as to at once carry conviction to the mind that it ought not to be considered a square, as it must, as shown in the record, soon be divided into smaller squares by cross-streets, and much of the property which would be taxed now for Rosewood avenue will be called on to pay for improvements on these cross-streets to such an extent as to perhaps amount to spoliation. The chancellor reached the conclusion that the territory to the east of the improvement was so large that it could not be considered a square within the meaning of the charter of cities of the first class; and in this view we concur. As a result of this conclusion, a reapportionment of the cost of the improvement was ordered;

the taxing district on the east side to be the same depth as that on the west, or 349 feet. But it was also adjudged that the reapportionment should only be on the east side; and this results in the release from taxation of all the property between a line parallel with Rosewood avenue at a distance of 349 feet and the original apportionment lying at a distance of 744 feet east of Rosewood avenue. This conclusion left a sum of more than $2,688.25, for which no part of the property bordering on the improvement was liable, and which must be lost either by the contractor or the city if the chancellor's judgment as to how the apportionment should be made stands. It was adjudged that the loss must fall upon the city. and the contractor was given a judgment against it for the amount of loss accruing by the release of the property holders in the reapportionment. From the judgment as a whole, both the city and the contractor are here on appeal.

Section 2833, Ky. Stats., 1903 (cities of the first class), is as follows: "When the improvement is the original construction of any street, road, lane, alley or avenue, such improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the board of public works, according to the number of feet owned by them respectively, and in such improvements the cost of the curbing shall constitute a part of the cost of the construction of the street or avenue. and not of the sidewalk. Each subdivision of territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth on both sides

fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth, as set out in the ordinance." Section 2834 provides: " * * * And in no event, if such improvements be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement, without the right to enforce it against the property receiving the benefit thereof. * * * " It is clear, from this statute, that the contractor cannot recover from the city any loss which may accrue to it by reason of the reapportionment of the territory east of the improvement. Craycraft v. Selvage, 10 Bush 696; Orth v. Park & Co., 26 Ky. Law Rep. 182, 342, 79 S. W. 206, 117 Ky. 779.

But does it necessarily follow that it must lose any part of the contract price of its work as against the property holders? The ordinance provides that the price of the improvement shall be apportioned as provided by law. Now, what is the requirement of the charter in a case like this? Here the terirtory on the west side of the improvement was defined into squares. Then, under the express language of the charter, the tax district on that side must be one-half the depth of the squares; and, this being true, the tax district on the east side can only be the same depth. This is necessary to comply with the requirements of the law of equality of burden. Preston v. Roberts, 12 Bush 584; Cooper v. Nevin, 90 Ky. 88, 11 Ky. Law Rep. 875, 13 S. W. 841. The general council have no more discretion in fixing the tax district for the east side than they have for the west side. Now, this would be different if the territory on neither side was defined into squares. Then, it would be for the local legislature, in their discretion, to fix the depth on

both sides which should constitute the tax district. But here the law requires the tax district to be one-half the depth of the squares on the west side, and just as imperatively demands that the same depth should be established on the east side. It follows, therefore, that if the apportionment of the work under consideration had been made as provided by law, the whole cost of the work would have been apportioned upon the territory on both sides to an equal depth—349 feet. The city, therefore, erroneously apportioned the cost of making the improvement.

Section 2834, Ky. Stats., 1903, provides, among other things, that "no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned." This provision seems, clearly, to give the right to correct now the palpable error made by the council in the original apportionment. The court ought now to do what should have been done then—apportion the whole cost upon the territory fronting the improvement to a depth of 349 feet on both sides. When this is done, there will be no loss to the contractor, and no hardship upon any property holder, because he will pay now what he should have paid then. This is not in conflict with Loeser v. Redd, 14 Bush 18. In that case was involved the right of the courts to correct an apportionment where the territory on neither side of the improvement was defined into squares, and where, under the terms of the charter, the council had prescribed the depth of the tax territory, but had established an unequal, and

therefore unjust, tax district. The court adjudged
that so much of the tax district on one side as was
unequal and unjust was void, but that, inasmuch as
the tax districts had been prescribed by legislative
enactment, the courts could not prescribe a tax dis-
trict, and that it was only where the law made the tax
district, and there was an error of apportionment,
that correction for an unjust or unequal apportion-
ment could be made. This last is precisely the
condition of affairs that this record presents. The
general council could not, if it would, have made a
tax district other than the one we have marked out
in this opinion. It could not, if it would, have law-
fully apportioned the cost of construction in any
different manner. It had no discretion in the prem-
ises. The law, and the law only, prescribed the tax
district and the mode of apportionment. The right
to legislate necessarily involves discretionary power;
but there was no discretion here, and therefore no
legislative power. All that happened was that the
general council erroneously apportioned the cost of
the improvement, instead of following the ordinance
and apportioning it as required by law. This con-
clusion, instead of being antagonistic to the principle
involved in Loeser v. Redd, supra, is entirely har-
monious therewith.

We perceive no sound reason for straining the law
against the contractor. It is not contended that it
did not do the work faithfully according to the con-
tract in every particular. The property holders
within the legal tax district have obtained the benefits
of its work, and justly they ought to remunerate it
therefor, unless there be some imperative rule or
principle of law forbidding it; and we know of none.
When the case returns to the lower court, the chan-

cellor should require the pleadings to be amended and the proper parties brought before the court, and a reapportionment made of the whole cost of the improvements according to the principles herein established. As the fault of the erroneous apportionment was wholly that of the city, it should bear all of the court costs, both here and there, which were occasioned by the erroneous apportionment.

For these reasons the judgment, upon the direct and the cross appeal, is reversed, and the case remanded for proceedings consistent herewith.