CASE 35.—ACTION BY THE AMERICAN STANDARD ASPHALT CO. AGAINST J. E. COMLEY AND OTHERS TO ENFORCE PAYMENT FOR STREET IMPROVE-MENT.—November 10.

## Comley, &c., v. Am. Standard Asphalt Co.

Appeal from Jefferson Circuit Court; Chancery Branch (Second Division).

SAMUEL B. KIRBY, Judge.

From a judgment sustaining a demurrer to their answer Comley and Wife appeal—Affirmed.

1. Municipal Corporations—Street Improvements—Assessments—Reapportionment—Purchasers—Liability.—Purchasers of land, after payment of a street assessment against it can not complain of a reapportionment, resulting in an additional assessment, because at the time of assessment neither they nor their vendor were parties to the action involving the proceeding, since, if the reapportionment was made according to a former opinion of the Court of Appeals, and equally upon all the property on both sides of the street, it is immaterial when it was made; the purchasers not claiming that the assessment was erroneous, but they are not precluded by the assessment.

2. Municipal Corporations—Street Improvements—Assessments—Reapportionment—Purchasers—Liability.—Under Ky. Stats., 1903, sections 2834, 2839, providing that a street assessment lien shall exist from the date of the apportionment warrant,

Comley, &c., v. Am. Standard Asphalt Co.

where an apportionment was adjudged a nullity, the statutory lien for additional assessments existed when the second apportionment was made, and collections of a warrant under the first apportionment did not release the lien as to purchasers of land after the first assessment was paid and before the reapportionment, since they knew that the street had been improved, and that there was a lien against the abutting lots to secure payment of the cost, and they were presumed to know that it was a lien until legal assessment of the cost and payment thereof.

3. Covenants—Warranty—Breach—Street Assessments—Remedy of purchaser.—If purchasers are required to pay an additional street assessment on a reapportionment after their purchase and after payment of the purchase price, they have recourse against their vendor on her warranty.

E. L. McDONALD for appellant.

POINTS AND AUTHORITIES.

1. Where in a city of the first class a street is improved, the territory on one side being divided into ordinary squares and on the other side not so divided, the original apportionment having been held erroneous by the Court of Appeals, upon a return of the case to the lower court it had no power to make a reapportionment so as to require the property owners within the ascertained proper territory assessed to bear the cost theretofore apportioned to lots outside of such territory. (Loeser v. Redd, 14 Bush 18; Preston v. Roberts, 12 Bush 570.) Proceedings for such reapportionment had before the property owners affected were made parties to the suit are of no validity. (Nevin v. Roach, 86 Ky. 492.)

2. A bona fide purchaser of property who relied upon a release of the original apportionment warrant for such improvement, without notice of any claim of the contractor for an additional amount should be protected. (Nunes v. Wellisch, 12 Bush 363; Pomeroy Equity Jurisprudence, section 649; Ky. Stats., sections 2384, 2839; Curnen v. Mayo, 79 N. Y. 511; Sherley v. City of Elizabeth, 4 N. J. Law 58; Mason v. City of Chicago, 48 Ill. 420; City of Philadelphia v. Matchett, 116 Penn. 103; Cooley on Taxation (3rd Ed.), 530; Ky. Stats., sections 4021, 2921.)

CASES DISTINGUISHED.

Seattle v. Kelleher, 195 U. S. 360; Tallman v. Janesville, 17 Wis. 71.

Comley, &c., v. Am. Standard Asphalt Co.

3. Innocent purchasers are not affected in any manner by the proceedings had by the court in making a reapportionment in a suit to which they are not parties and have no knowledge, no notice having been filed as required by Ky. Stats., section 2358a.

4. A contractor who receives from a property owner the amount apportioned to his lot for street improvements and releases of record is estopped to thereafter recover the amount of an additional apportionment after the lot has passed into the hands of an innocent purchaser. (Herman on Estoppel, section 953; Ratcliff v. Bellfonte Iron Works Co., 87 Ky. 559; Alexander v. Ellison, 79 Ky. 148.)

WILLIAM FURLONG and JOHN L. WOODBURY for appellees.

POINTS AND AUTHORITIES.

1. It does not necessarily follow that because the original apportionment for the cost of the improvement of Rosewood avenue was erroneous that the contractor must lose any part of the contract price of his work against the property owners. See former appeal of this case. (City of Louisville v. American Standard Asphalt Co., 31 Ky. Law Rep. 133; Seattle v. Kelleher, 195 U. S. 351.)

2. The reapportionment in this case was made in conformity to and as directed by the opinion of this court on a former appeal, and was made strictly in accordance to the law as heretofore laid down by this court, and the appellants were made parties by amended petition after said reapportionment. (City of Louisville v. American Standard Asphalt Co., 31 Ky. Law Rep. 133; Nevin v. Walston, 128 U. S. 578.)

3. The lien for the improvement of Rosewood avenue existed from the date of the original apportionment. The release of the original apportionment warrant did not relieve the property owners that had paid, and appellants can not rely upon being innocent purchasers for value or without notice. (Commonwealth v. Walker, 25 Ky. Law Rep. 2122; Stengel v. Preston, 89 Ky. 616; Gosnell v. City of Louisville, 104 Ky. 201; Kerwin v. Nevin, 111 Ky. 682; Seattle v. Kelleher, 195 U. S. 351; Tallman v. Janesville, 17 Wis. 76; Cooley on Taxation (3rd Ed.), 527, 528; Limitation of Taxing Power, Gray, sections 1828, 1829, 1830; Spencer v. Merchant, 125 U. S. 345; Cooley on Taxation, vol 1, p. 526; Cross v. Milwaukee, 19 Wis. 51.)

4. The reapportionment proceedings were not invalid as to the appellants by reason of the failure to file a lis pendens notice in the county clerk's office, as the lien on their land did not depend

upon the proceedings in this case, but existed from the date of the original apportionment and existed for five years from that date, the proceedings here being only necessary to fix the correct amount. (Stengel v. Preston, 89 Ky. 616; Gosnell v. City of Louisville, 104 Ky. 201; Kerwin v. Nevin, 111 Ky. 682; Seattle v. Kelleher, 195 U. S. 351.)

5 There is no estoppel on the part of the contractor by reason of its having received payment of the original apportionment warrant and having released the same, because there was no additional consideration for the payment of the original amount whereby the contractor by accepting it would be estopped from collecting the additional amount imposed under the reapportionment. (Stengel v. Preston, 89 Ky. 616.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In the year 1904 the city of Louisville by appropriate proceedings caused the original construction of the carriageway of Rosewood avenue, from Baxter avenue to Von Borries avenue. The ordinance provided for the improvement to be made at the cost of the owners of the abutting land as provided by law. After the completion of the improvement and the acceptance of the work by the city of Louisville, the board of public works of that city apportioned the cost of the improvement pursuant to their idea of what the term "according to law" shown in the ordinance meant. Their construction of this term resulted in an assessment against the property on the West side of Rosewood avenue, from Baxter avenue to Von Borries avenue, extending back westwardly to a line half way to Beechwood avenue, and on the east side of Rosewood avenue, from Baxter avenue to Von Borries avenue, extending back to a line midway to Edenside avenue. This court, in an opinion delivered in the case of the City of Louisville v. American Standard Asphalt Co.,125 Ky. 497,102 S. W.

806, 31 Ky. L. R. 133, reached the conclusion that the territory on the east side of Rosewood avenue, which was assessed for the cost of the improvement, was so large that it could not be considered a square, within the meaning of the charter of cities of the first class, and the court directed a reapportionment over a new district, comprised of the same territory on the west side of Rosewood avenue and an equal distance on the east side of that avenue. On a return of the case to the lower court this reapportionment was made, as a result of which the Schusters, on the east side, were released from a considerable portion of the cost of the improvement, and consequently the amount from which they were released was placed proportionately upon the property on the west side, which increased the assessment for the cost of the improvement to that extent. The warrants issued by the board of public works for the cost of the improvement, as first assessed, were delivered to the asphalt company, and the persons owning property on the west side paid their assessment and had a release of the liens on their property entered on the record in the office of the board of public works. After this, and before the second assessment was made under the opinion of this court, one Emma Deitrich, an owner of one of the lots on the west side of Rosewood avenue, sold and conveyed the lot for a valuable consideration to appellants in this appeal. After this second assessment and apportionment was made, appellee, American Standard Asphalt Company, filed an amended petition, making all the property owners on the west side parties defendant to the action, and asked for an enforcement of their liens upon their property for the additional assessment. Appellants, Comley and wife, resisted the payment

of this assessment, and in substance claimed in their answer that they purchased the property after the first assessment and before the second; that they were innocent purchasers of the property; that the first assessment had been made upon the property and paid by their vendor, and the lien was released on the record in the office of the board of public works; that they had no knowledge or information of any claim against their property; that by the exercise of reasonable, ordinary care and diligence they could not have learned of such a claim as has been asserted herein; that they paid a full and valuable consideration for the property, and received the conveyance of the property without any knowledge or notice, either expressed or constructive, of the claim that appellee asserted; and also alleged that by reason of these matters the appellee was estopped from asserting or claiming any lien against their property. The court sustained a demurrer to their answer, and they have appealed.

Appellants present many reasons for a reversal, but we deem it unnecessary to refer to but two of them, as the others were settled by the former opinion of this court in the case referred to. The first reason that we will notice is their claim that the second apportionment of the cost of the improvement of Rosewood avenue was not binding upon them, for the reason that neither they nor their vendor, Emma Deitrich, were parties to the action at the time of this assessment, nor were they made parties until some time after that. It is true that they are not bound or precluded by that assessment; but they fail to state, in their answer, that this assessment was erroneous in any respect. If the reapportionment of the cost of the improvement of the avenue was made according

to the former opinion of this court, and made equally upon all the property owners on each side of the avenue, it is immaterial to appellants when it was made, and their complaint with reference thereto is without merit.

The only other question presented for reversal is a question of estoppel of appellee from asserting a lien upon the property of appellants; they being innocent purchasers for value. By section 2834, Ky. St. 1903, it is provided that a lien shall exist for the cost of original improvement of public ways against the respective lots abutting thereon, and by section 2839 this lien shall exist from the date of the apportionment warrant. Appellants contend, however, that appellee is estopped from asserting this lien against their property, for the reason that it collected the amount first apportioned and assessed against their property and caused the lien to be released. This court, in its former opinion, determined that the first apportionment of the cost of the improvement of Rosewood avenue was a nullity, and directed another apportionment to be made. It follows, therefore, that the statutory lien existed when the second apportionment was made, and the collection of the first apportionment warrant did not have the effect to release the lien. Appellants knew that Rosewood avenue had been improved by original construction, and that there was a lien against the abutting lots to secure the payment of the cost, and they were presumed to know that it was a lien upon the property until the cost was legally assessed against it and paid by the owner thereof.

If appellants have paid the purchase price for this

property, they have recourse for the amount of the assessment against their vendor on her warranty.

For these reasons, the judgment is affirmed.