CASE 41.—ACTION BY G. W. GOSNELL, FOR USE, &c., AGAINST CUTHBERT BULLITT AND OTHERS.— April 21, 1909.

## Bullitt, &c. v. Gosnell, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division.)

SAMUEL B. KIRBY, Judge.

From the judgment defendants appeal—Reversed.

1. Municipal Corporations — Street Improvement — Assessment Districts.—The property on the north side of the street improved ran back 180 feet to the city limits. On the south side was a block, which ran back to a depth of 880 feet, and which was bounded by principal streets; there being no probability that a short avenue running parallel with the improved street, and which, if extended, would pass through said block, would be extended. Held, that, under Ky. St. 1909, Sec. 2833, providing that the improvement shall be at

the cost of the owners of lots in each fourth of a square, to be equally apportioned, according to the number of square feet owned by them; that each subdivision of the territory bounded on all sides by principal streets shall be deemed a square; and that, when the territory contiguous to the improved street is not defined into squares by principal streets, the improvement ordinance shall state the depth, not exceeding 500 feet, on both sides of the improvement, to be assessed according to the number of square feet owned by the respective parties within the stated depth—the assessment district should be all the property on the north side and one-fourth the depth of the block on the south side.

2.    Municipal Corporations—Public Improvements—Assessments —Appeal—Prejudicial Error.—As, under Ky. St. 1909, Sec. 2833, a proportional part of the entire cost of a street improvement is to be assessed against each square foot in the assessment district, one assessed, and showing that the assessment district was not as large as it should have been, shows damage from the error in assessment.

3.    Municipal Corporations—Street Improvement—Assessments Correcting Errors.—Under Ky. St. 1909, Sec. 2834, relative to enforcing payment of the cost of street improvements against the property bound therefor, providing that no error in the proceedings of the general council shall exempt from payment after the work has been done, but said council or the court shall make corrections to do justice to all parties, error of the council in making the assessment district too small will be corrected.

BINGHAM & DAVIES for appellants.

WILLIAM FURLONG for appellees.

OPINION OF THE COURT BY JUDGE NUNN— Reversing.

In the year 1900 the city of Louisville, through its council, caused the improvement of Field avenue, and assessed the cost thereof, proportionally, against the property on either side thereof to a depth of 180 feet. There are eight property owners who are appellants in one case and six in the other. Both cases involve the same questions, and we will consider them as one. Appellants do not question the regularity of the proceedings had in making the improvement. The only thing they complain of is the manner in which the cost of the improvement was apportioned.

We will endeavor to explain the situation so that
it may be understood. Field avenue, the street im-
proved, runs east and west and is 180 feet south of
the northern city limits. The next street south of it,
and running nearly parallel therewith, is Frankfort
avenue. The distance between the two is about 880
feet. The two streets connecting with Field avenue,
at the place it was improved, are Roberta and Bayly
avenues. These two streets are parallel and run north
and south. To the west of Bayly avenue is an avenue
about 360 feet long, called "Victor avenue," which
runs parallel with Frankfort and Field avenues.
Victor avenue, according to the evidence, cannot be
extended through the block surrounded by Field,
Bayly, Frankfort, and Roberta avenues without con-
demning parts of four lots and destroying two houses
situated thereon, which were valued at $9,000. The
cost of the improvement of Field avenue was as-
sessed, proportionally, against the property abutting
that part of the avenue improved to the depth of 180
feet on the south side of it for two reasons: One
was because they could not extend the distance on
the north side farther than 180 feet, as at that point
they reached the city limits. The other was they
wanted to leave a territory south of Field avenue and
beyond 180 feet in the block referred to, to be as-
sessed for the improvement of Victor avenue when it
was extended through the block. It appears that
when the city improved Frankfort avenue the cost
of the improvement was assessed against the prop-
erty abutting thereon to a depth of 440 feet, including
one-half of the block referred to. It seems that it did
not consider then that Victor avenue would ever be
extended through the block, and, under the proof in

this case, there is no probability that it ever will be so extended, and, if not, this would leave a territory between the point where the avenue would pass through the block and the point 180 feet south of Field avenue untaxed for the improvement of any street running east and west.

Section 2833, Ky. St. (Russell's St. Sec. 895), under which the improvement of Field avenue was made, is in part as follows: "When the improvement is the original construction of any street, road, lane, alley or avenue, improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally appointed (apportioned) by the board of public works, according to the number of square feet owned by them, respectively, and in such improvements the cost of the curbing shall constitute a part of the cost of the construction of the street or avenue, and not of the sidewalk. Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth, not exceeding five hundred feet, on both sides of said improvement to be assessed for the cost of making the same, including the cost of the improvement of the intersection, if any, of said public way, according to the number of square feet owned by the parties respectively within the depth as set out in the ordinance."

Appellees' contention is that the property on neither the north nor south side of Field avenue, where it was improved, was bounded by principal streets on all sides, and for that reason the city was compelled to fix the territory to be taxed on each

side of the avenue at the same depth, and, as the city limits were only 180 feet north of the avenue, they could not go farther than that on the south side. We are of the opinion that the property on the south side of Field avenue was bounded on all sides by principal streets, and were squares within the meaning of the statute, and the cost of the improvement should have been assessed against the property on the south side within one-fourth of a square of the avenue. On the north side the cost should be assessed against all the property there is within the city limits north of that part of the street improved. It would be impossible to make squares out of the property on the north side of the avenue and bound them by principal streets as contemplated by the statute.

Appellees contend that appellants have not shown that a different apportionment would be of any benefit to them, and for that reason this court should not reverse the case, even though the apportionment was irregular. This court has repeatedly announced this rule, but appellees' position is wrong. Appellants both allege and prove that it would be of benefit to them to have the apportionment made correctly, and of this there can be no doubt. The statute requires the cost for such improvements to be made according to the number of square feet owned by the parties, respectively, within the territory as set out in the ordinance. If appellants' contention be sustained, there will be considerably more property within the territory to be assessed for the payment of the cost of the improvement, which will, necessarily, decrease the amount to be assessed against their property.

Section 2834, Ky. St. (Russell's St. Sec. 897), provides, among other things, that "no error in the pro-

ceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned.'' In the case of American Standard Asphalt Co. v. Schuster, 125 Ky. 497, 102 S. W. 806, 31 R. 133, this court held that in a case like this the failure to make proper assessment for the cost of an improvement could not defeat or injure the contractor who performed the work.

On the return of this case the lower court should require the pleadings to be amended and the proper parties brought before the court, and a reapportionment made of the whole cost of the improvement according to the principles herein established.

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.