# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY

## SEPTEMBER TERM, 1912

### Long v. Barber Asphalt Paving Company, et al.

(Decided November 29, 1912.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Municipal Corporations—Public Ways or Streets—Establishment of—Assessment Districts.—A private way, although highly improved and, in appointments, equipped as well as most of the public streets of the city, cannot, in the absence of evidence of its dedication to the public as a street, and its acceptance or recognition by the city as such, be held to be a public way or street; and the presence of such private way in territory contiguous to an improved street does not have the effect of defining such territory into squares by principal streets, for the purpose of assessment for the cost of such improvement.

2. Municipal Corporations—Public Improvements—Assessments for Benefits and Special Taxes—Assessment Districts.—Under the charter of first class cities, where the territory adjacent to an improved street was defined into squares by principal streets, on one side only, the district on the side not so defined subject to assessment for the cost of the improvement, must be of a depth equal to that on the side that is defined into squares by principal streets.

3. Same—Property Subject to Assessment.—All the real estate, within the assessment zone for the cost of the improvement of a street, should be made to bear its proportion of such cost.

4. Same—Lien—Warranty.—The statute, under which streets in first class cities are improved, providing that the lien for the cost of such improvement shall exist from the date of the apportionment warrant, the vendor in a general warranty deed, executed and delivered before such date, for property within the assessment zone, is not liable on his warranty, for such property's proportionate cost of the improvement.

A. LANIER, DURELLE & FLEECE for appellant.

WILLIAM FURLONG and FURLONG, WOODBURY & FURLONG for appellees.

Opinion of the Court by Judge Lassing—Reversing.

By an ordinance, approved April 7, 1910, the city council of Louisville ordered the original construction of Bayly Avenue from Frankfort Avenue to Center Avenue extended, and directed that ''said work should be done at the cost of the owners of the ground on the east side of Bayly Avenue from Frankfort Avenue to the center line of Center Avenue extended and extending back to a line midway between Bayly Avenue and a private way, known as Birchwood Avenue; and on the west side of Bayly Avenue to the center line of Center Avenue extended and extending to the line midway between Bayly and Ellwanger Avenues.'' On May 16 following, a contract for the original construction of this street was awarded to the Barber Asphalt Paving Company. On July 15, and before the work was begun on the contract, George W. Long purchased of Nancy Jane Birch a tract of land lying, in part, within the zone affected by this improvement, said property being shown on the accompanying map by the letters x, y, v, z.

Work was begun shortly thereafter on the contract, and it was completed early in October. Immediately upon its completion, apportionment of the cost was made and warrants therefor were, by the City of Louisville, issued and placed in the hands of the contractor. In apportioning the cost, the city followed the provisions of the ordinance fixing the assessment district. The eastern boundary of the assessment district is evidenced by the dotted lines A-B, and the western boundary, by the dotted lines C-D. Conceiving that the apportionment was inequitable and unjust, George W. Long and certain other property holders declined to pay the warrants issued against their property. The contractor instituted suit, in which it sought to have their property subjected in satisfaction of the warrants. In his answer, the defendant, Long, resisted payment upon three grounds: First, that the ordinance was invalid, because the provisions of sections 2832 and 2833, Kentucky Statutes, had not been followed; second, because council erred in fixing the east line of the assessment district a greater distance from Bayly Avenue than the western boundary line of said district was situated from said avenue; and third, because certain property within the zone of the improvement was entirely omitted from assessment. He also

made his answer a cross-petition against his vendor, Nancy Jane Birch, and pleaded as to her that, inasmuch as the improvement had been directed and the contract therefor let prior to his purchase of the property, under his contract with her she was answerable on her warranty for any assessment which should be made against his property, and sought to have her required to pay such assessment as the court should, upon final hearing, hold his property answerable for. Issue was joined, proof taken, and upon final hearing the chancellor was of opinion that there was no merit in these respective contentions of the defendant, Long, and judgment was entered in accordance with the prayer of the petition, and dismissing his cross-petition. Long appeals and seeks a reversal both as to the validity of the ordinance and the apportionment warrant issued against his property, and the finding of the chancellor against him on his cross-petition against Nancy Jane Birch.

On the west side of Bayly Avenue the territory is defined into squares by principal streets, whereas on the east side of Bayly Avenue, the territory is not so defined, unless Birchwood Avenue is a public way or street, for the distance from Bayly Avenue to the first public street or road east of Bayly Avenue is about 2,400 feet, a distance greatly in excess of the length of a city block. Council, in the draft of the ordinance, for this improvement, treated Birchwood Avenue as though it were a public way or street, although in the ordinance it is referred to as a private way. There is no evidence in the record showing that this Birchwood Avenue has ever been dedicated to the public as a street, or accepted or recognized by the city as such, although it is undoubtedly, in its appointments, equipped as well, if not better, than most of the public streets in the city. Still, the fact that it is highly improved cannot make of it a public street or way, if no steps have been taken to dedicate it to the public use. Defendant, in his pleadings, denies that it is a public way, and there is no evidence whatever supporting the position of the plaintiff to the contrary. With the record in this condition, we are constrained to hold that Birchwood Avenue has not been shown to be a public way or street. A similar question arose in Nevin v. Roach, 86 Ky., 492. In that case it was shown that a street known as Madison, while improved, had not in fact been dedicated to the public use, or accepted by the city, although the owners contemplated so dedi-

cating it at the time. It was held, upon consideration here, that the fact that it had been improved and that the owners intended to dedicate it to the public use was not sufficient, the court saying:

"But it had never been accepted by the city, and, therefore, the case must be considered without regard to such a street, as it was not in existence when the improvement was ordered and the contract entered into, or when the work was completed."

To the east of Bayly Avenue, the property is not divided or defined into squares by principal streets, and we have a case where the property on one side of the street is defined into blocks or squares by principal streets, and on the other side, it is not. This identical question has likewise been before this court in the case of Preston v. Roberts, 12 Bush, 570, which arose out of the original construction of Barrett Avenue in the City of Louisville. Brent Avenue was a dedicated street lying to the east of Barrett Avenue, and the assessment district was fixed at a point midway between Barrett Avenue and Brent Avenue. Upon the west side of Barrett Avenue, there was no dedicated or principal street within the distance of an ordinary city block, and council, in its ordinance, fixed the assessment district at a point 252 feet west of Barrett Avenue. This figure was adopted upon the assumption that this distance would be half way between Barrett Avenue and a street which would in the future, be opened to the east thereof and at a distance of 504 feet from Barrett Avenue. The vaildity of this ordinance and apportionment was contested, and upon consideration here, were held to be invalid. The court said:

"Assessments should be made in accordance with the facts existing at the time, and cannot be properly based upon speculation as to what will occur in the future."

To the same effect are Cooper v. Nevin, 90 Ky., 85; Nevin v. Roach, 86 Ky., 492; and City of Louisville v. Selvage, 106 Ky., 730.

In City of Louisville v. American Standard Asphalt Co., 125 Ky., 497, the litigation arose over the original construction of Rosewood Avenue, the ordinance, providing for its construction treated the territory on both sides of said avenue between Baxter and Von Borries Avenues as being divided into squares by principal streets. The court found that the next street, running

parallel with Rosewood Avenue on the east, was 1,500 feet from Rosewood Avenue; that this was too great a distance to be treated as a city square; and that, therefore, the assessment district should extend east of Rosewood Avenue only to the same distance that it extended to the west thereof. In disposing of the question, the court said:

"Now, what is the requirement of the charter in a case like this? Here the territory on the west side of the improvement was defined into squares. Then, under the express language of the charter, the tax district on that side must be one-half the depth of the squares; and, this being true, the tax district on the east side can only be the same depth. This is necessary to comply with the requirements of the law of equality of burden. Preston v. Roberts, 12 Bush, 584; Cooper v. Nevins, 90 Ky., 88. The general council have no more discretion in fixing the tax district for the east side than they have for the west side."

The opinions in these cases are conclusive of the rights of the parties here. The ordinance correctly defined the boundary of the assessment district on the west side of Bayly Avenue, and the territory to the east of Bayly Avenue, not being divided or defined into squares by principal streets, the ordinance should have limited the assessment district on the east side of Bayly Avenue to a line running the same distance therefrom that the assessment line on the west side of avenue was run. In other words, if the line C-D is 250 feet from Bayly Avenue, the line A-B should be a like distance therefrom.

As to the second proposition, the statute provides that the cost of the construction must be apportioned to all of the property within the assessment district. The claim is that certain property lying within this district was omitted from assessment. This contention is not seriously denied, but it is insisted that a portion of the property so omitted belonged to appellant, and that to assess it for its proportionate share of the cost would increase rather than diminish the burden of taxation as to him. This contention, however, is based upon the idea that the assessment line lying to the east of Bayly Avenue, as fixed in the ordinance, is correct; but, since it has been determined that this assessment line is not correct, and under a correct assessment not nearly so much of appellant's property will lie within the assessment zone, we are unable to determine whether the assessment of

this omitted property would be beneficial or harmful to him. However, inasmuch as the case must be reversed for other reasons, it is unnecsesary to enter into a consideration of this question. When the assessment zone has been properly fixed, as above indicated, and the cost of the improvement is apportioned to the property in said zone, the statute should be strictly complied with and all of the property lying within said zone made to bear its just proportion of the cost. This disposes of the questions raised in the litigation between the contractor and the appellant, Long.

As to the claim asserted by appellant against Nancy Jane Birch, we are of opinion that the ruling of the chancellor thereon was correct. Cases might arise where a distinction can be drawn between an incumbrance and a lien, but in the case under consideration there is no incumbrance until there is a lien. They are identical or synonymous, for the reason that until the apportionment warrant is issued there is no lien, and in the absence of a lien there is no incumbrance. The property is never liable for any part of the cost of the improvement until the apportionment warrant is issued. The right of the city to impose upon abutting property the cost of the original construction of a street is one of purely statutory origin. The owner of the property is not liable, in any event, for the cost of the improvement, but the property itself is placed in lien therefor. This lien does not attach until the apportionment warrant has been issued. Until this has been done, the property cannot be said to be incumbered or burdened with any part of the cost of the improvement, for the reason that the burden has not been laid upon it. It is not the ordinance providing for the improvement, nor the letting of the contract, that burdens the property with its share of the cost of the improvement, but it is the improvement itself for which the property is held answerable. The lien must attach at sometime, and this the statute provides shall exist from the date of the apportionment warrant. Now, although, at the time of the conveyance by Mrs. Birch to appellant, the improvement had been ordered and the contract let, the work had not, in fact, been done, and the contractor, under the broadest and most liberal construction that could be placed upon his contract, had, at the time of this purchase by appellant, no claim whatever upon this property for anything; and hence, there was no incumbrance

upon the property for which his vendor is, in any wise, answerable, and the chancellor correctly so held.

Judgment reversed as to the contractor, Barber Asphalt Paving Company, and affirmed as to appellee, Nancy Jane Birch.