## Richards v. Barber Asphalt Paving Company.

(Decided January 7, 1914).

### Appeal from Jefferson Circuit Court (Chancery, Second Division).

1. Municipal Corporations—Street Improvements—Assessment—Reapportionment—Bona Fide Purchaser.—Where under a statute a lien is provided against the abutting property for the cost of original improvement of a public way, and the statute further provides that no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned, one who purchases abutting property after an erroneous assessment has been made and paid is not a bona fide purchaser for value without notice, but takes subject to the right of the city to correct the assessment.

2. Municipal Corporations—Street Improvements—Assessment—Reapportionment—Bona Fide Purchaser—Estoppel.—Where under a statute a lien is provided against the abutting property for the cost of original improvement of a public way, and the statute further provides that no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract, but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned, neither the city nor the contractor is estopped to have an erroneous assessment corrected as against one who, with knowledge of the improvement, purchases abutting property after the

erroneous assessment has been made, and the apportionment war-
rant paid.

OSCAR O. BADER for appellant.

WILLIAM FURLONG and FURLONG, WOODBURY & FURLONG
for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

The City .of Louisville, by ordinance approved April
7, 1910, ordered the improvement of Bayly Avenue from
Frankfort Avenue to Center Avenue.   Being original
construction, the work was ordered done at the expense
of the abutting property owners.   The ordinance defined
the assessment district as extending on the east, half
way back to Birchwood Avenue.   The contract for doing
the work was awarded to The Barber Asphalt Paving
Company.   On completion of the work the cost thereof
was regularly assessed against the property owners in
that assessment district.   As the assessment district was
quite large, the bills were comparatively small.   All the
property owners immediately facing Bayly Avenue paid
their assessments.   Some time thereafter two of these
property owners sold and conveyed their lots to appel-
lant, Albert. J. Richards.   A few months later suit was
instituted on the apportionment warrants against those
who had not paid their assessments.   Among the defend-
ants was one George W. Long.   On appeal to this court
it was held that the assessment territory was too large,
and the case was remanded with directions to the lower
court to apportion the assessment as indicated in the
opinion.   Long v. The Barber Asphalt Paving Co., 151
Ky., 1.   The effect of the opinion was to decrease the
assessment territory, and consequently to increase the
bills against all the property owners, including those who
had theretofore paid the original assessments.   On the re-
turn of the case a re-apportionment was made in accord-
ance with the opinion, *supra*.

On the day that the re-apportionment was made, ap-
pellee, The Barber Asphalt Paving Company, filed an
amended petition making parties to the action several
persons who had purchased lots between the day of the
1910 apportionment, which was set aside by the court,
and the new apportionment made by the lower court.
Among those thus made parties was the appellant, Albert
J. Richards.   On the same day that the amended peti-
tion was filed a *lis pendens* notice was filed in the county

clerk's office as required by statute. Appellant defended on the ground that at the time of his purchase his grantors had paid the assessment that was made by the city of Louisville, and that he was an innocent purchaser for value without notice. He also invoked the doctrine of estoppel, based on the principle that where one of two innocent persons must suffer, he should suffer whose act caused the injury. The lower court held these defenses insufficient, and gave judgment against appellant for $46.26, the excess of the re-apportionment over the original apportionment.

Section 2834, Kentucky Statutes, being a part of the charter of the City of Louisville, after providing for a lien on the abutting property for the cost of the original improvement of public ways, provides as follows:

"Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned."

Appellant knew of the improvement at the time of the purchase of the property, and it must be presumed that he had knowledge of the statute, *supra*. That being true, he was not an innocent purchaser for value without notice. On the contrary, he not only knew that the property purchased was subject to a lien, but he purchased subject to the right of the council or the court to correct any error in the assessment, and with notice of the fact that the property could not be exempted from any part of its just proportion of the assessment by any error on the part of the general council. For the same reason there is no merit in the plea of estoppel. The mistake in the original assessment, and the collection of the original apportionment warrant, did not release the lien. The fact that the original assessment was erroneous, and the further fact that he was misled to his prejudice by this error of the city, is not sufficient ground for estoppel in view of the express authority given by the statute to correct the assessment, and of his presumptive knowledge of this right on the part of the city. It was so adjudged in the case of Comley, &c. v. American Standard Asphalt Co., 130 Ky., 262, where the precise question was under consideration.

Judgment affirmed.