# Vernon et al. v. George M. Eady Co., Inc., et al.

(Decided Jan. 20, 1933.)

LAWRENCE L. KOCH, HERMAN G. HANDMAKER and ROBERT L. PAGE, for GEORGE M. EADY CO., appellants.

DAVIS W. EDWARDS, LABAN H. WESLEY and WILLIAM T. BASKETT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the time of the transactions involved herein, sections 2833 and 2839 of the 1930 Edition of Carroll's

Kentucky Statutes, both of which are parts of the charter of cities of the first class, constituted the governing law with reference to improvements of streets, alleys, ways, etc., in cities of that class. The former (section 2833) deals more particularly with the improvement of streets and alleys, and prescribes that their improvement "shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the board of public works. * * * Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square."

Broadway street in the city of Louisville, Ky. (the only one of the first class in this commonwealth), runs east and west, and 1,476 feet south of it is Garland avenue paralleling Broadway street. Connecting those two streets, and running north and south, is Thirty-First street and Hazel street; the latter being 200 feet west of the former. The half distance between Broadway street and Garland avenue is 738 feet, and at or about that point there is an alley connecting Thirty-First and Hazel streets and paralleling the other two named principal east and west streets. Plaintiffs and appellants jointly own a lot abutting the west side of Thirty-First street about 567 feet north of Garland avenue, and, of course, within the south half of the distance between Broadway street and Garland avenue, and within the southeast quarter of the square as so bounded.

The city, by duly enacted ordinances, improved Garland avenue from the center of Thirty-First street to the center of Hazel street, a distance of about 200 feet. The next principal parallel street south of Garland avenue is Kentucky street, the distance between them being about 400 feet. After the improvements referred to of Garland avenue, the proper authorities of the city made assessments and issued improvement warrants for the cost thereof and which were made liens on owners of lots on the south side of Garland avenue for a distance of 200 feet, which is the halfway distance between the improved street and Kentucky street, the next principal paralleling one. The property owners on the north side of the improved street to the halfway point between it and Broadway street (768 feet), which included the property of plaintiffs, were assessed and warrants issued; whereupon they filed this action

against the city and the contractor to enjoin the enforcement of the collection of the warrants, and to cancel them, upon the grounds: (1) That the distance between Garland avenue and Broadway street was so great and so unreasonably long as to deprive the city of the right to so treat it as one square within the terms of the statute supra, which, according to the contention of their counsel, could not be exceeding 1,000 feet or 500 feet back from the improved street, and plaintiffs' lot (being located at a greater distance than that from the improved Garland avenue) could not, therefore, be assessed for its improvement; and (2) that the alley (20 feet wide) paralleling the last two mentioned streets, about halfway between them, was itself a principal street, thereby requiring, under the statute supra, that the assessment for the improvement of Garland avenue not to be chargeable to any lot owner north of it whose lot was located farther north than the halfway point between it and the alley, and which in such event the assessable distance would not reach plaintiffs' lot. The defendants traversed the petition, and an agreed stipulation of facts was filed. Upon final submission the court dismissed the petition, to reverse which plaintiffs prosecute this appeal.

In their briefs filed in this court their counsel rely, in support of their contention that the distance between Garland avenue and Broadway street is unreasonably long and for that reason the length of the square running north and south is too great, on the cases of Long v. Barber Asphalt Co., 151 Ky. 1, 151 S. W. 6; City of Louisville v. American Standard Asphalt Co., 125 Ky. 497, 102 S. W. 806, 31 Ky. Law Rep. 133, and Dumesnil v. Shanks, 97 Ky. 354, 30 S. W. 654, 31 S. W. 864, 17 Ky. Law Rep. 170; and they also rely on the American Standard Asphalt Case in support of their further contention that the alley, dividing the distance of the square between Broadway street and Garland avenue, is itself a principal street, or, if not, that it is contemplated by the city to extend Doerhofer avenue running east and west but terminating at Thirty-Third street lying west of Hazel street on the line with the alley if it should be extended west, so as to connect with the alley. But it is stipulated and proven in the case that the intervening block between the termination of the alley and that of Doerhofer avenue is not separated by even an alley,

and that the space required for the connection of the two is occupied by costly residence buildings, and that it is not within the contemplation of the city to make such connection, or to convert in any manner the alley traversing the involved square into a street. On the contrary, it is shown that it has already been improved as an alley and which consists in the surfacing descending from the sides to the center, and without sidewalks. Neither are there any houses of any kind fronting the alley at such location. Such facts concerning the alley materially differentiate the case relied on (125 Ky. 497, 102 S. W. 806, 31 Ky. Law Rep. 133) from the case of Koop v. Henry Bickel Co., 168 Ky. 496, 182 S. W. 617, and others, wherein a similar contention was made under analogous facts, and in which it was held that a mere alley, platted, dedicated, improved, and used as such, will not be regarded as a "principal street" within the meaning of the statute supra, unless it further appears that either necessarily, or within the immediate contemplation of the city, it will be converted into and become itself a principal street within a reasonable time.

It so appeared in the American Asphalt Company Case, and for which reason it was held that the alley should be regarded as a principal street bounding a square within the statute, and that improvement assessments against the owners of property should be assessed upon the theory that the alley was a principal street. It is shown in the stipulation filed in this case that boundary lines of the average square in the city are about 500 feet, but that many of them exceed that length, and some of them exceed the distance between Broadway street and Garland avenue. The court in the American Asphalt Company Case did not hold that the distance of about 1,500 feet therein was so unreasonably long as to deny the effect of the parallel streets so separated by it as "bounding a square" within the meaning of the statute, but based its rulings on the fact that the intervening and paralleling alley was itself a principal street within the contemplation of the statute, because of the facts developed in that record. The exact reverse of counsel's contention was held in the Koop Case, wherein the distance between the parallel bounding streets was over 1,300 feet with an intervening alley, and the opinion was based upon the fact

(shown in the record) that the alley had never been, was not then, nor was it contemplated to convert it into a street, but only to remain an alley, the same as is true in this case. Furthermore, the territory composing the "square" in the Asphalt Co. Case, 125 Ky. 497, 102 S. W. 806, 31 Ky. Law Rep, 133, contained 47 acres of land, and it appeared that its owner contemplated to soon divide it into smaller squares and cross streets, when, as we have seen, there is no such contemplation with reference to the involved square in this case, and it contains only about 6½ acres.

There is a provision in section 2833, supra, of the Statutes saying that "when the territory contiguous to any public way is not defined into squares or principal streets," then the improvement and assessing ordinances shall designate the distance back within which assessments may be made for the improvement not in excess of 500 feet from the improved street, and it is urged, under the same cited authorities, that the court erred in not pursuing that course in this case. But in the American Asphalt Case, where such a holding was made, the territory was, for the reasons appearing in the opinion, embraced within the last excerpt from the section of the statute, and for which reason that requirement of the statute was followed.

A similar conclusion was reached in the Long Case relied on, wherein the distance between the two parallel principal streets was about 2,400 feet with an intervening parallel improved way, but which had not been accepted by the city as a street. If it had been done, it was impliedly held therein that the distance between it and its parallel streets (1,200 feet) would not be so great as to render the territory contiguous to the improvement as being one "not defined into squares or principal streets."

A prior case supporting the conclusion reached in the Koop Case is German Protestant Orphan Asylum v. Barber Asphalt Paving Co., 82 S. W. 632, 26 Ky. Law Rep. 805, in which there was an involved alley, as is true in this case, and the square contained upwards of 17 acres. But the court held that the cost of the improvement should be apportioned to the lot owners within the square bounded by the principal streets surrounding such acreage, and not according to the requirements of the section of the statute, supra, when

the territory contiguous to the improvement is not defined in squares or public streets.

The conclusion to be gathered from all of the opinions is: That a square is not of uniform size, and that when the territory claimed to be a square is apparently permanently bounded by principal streets, the apportionment for improvement shall conform to the first insertion supra, from section 2833 i. e., to the property within one-fourth of the square bearing its proportion of the improvements on two of the surrounding streets of the square, unless it is so large as to authorize the conclusion or deduction that its territorial status has not been fixed, or some other fact exists from which it may be reasonably deduced that those having the proper authority and control of the territory intend to and contemplate changing its present status into a permanent one with fixed and permanent squares. Every case cited by counsel for both sides fully sustains such conclusions, and the court properly found that under the facts of this case the square contended for by the city and its contractor was and is the governing one, and for which reason plaintiffs' property was properly assessed for the improvement of Garland avenue.

Wherefore, the judgment is affirmed.