THE SAN FRANCISCO GAS COMPANY v. THE CITY OF SAN FRANCISCO.

Where a city ordinance authorizes the making of a contract by certain committees on behalf of the city, "subject to confirmation by the Common Council for said city," a confirmation by joint resolution, and not by ordinance, is sufficient.

The rejection of plaintiff's claim against the city by the Board of Examiners, only denies him the privilege of funding it, but does not impair the obligation of the contract, or plaintiff's right to prosecute it.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff sues on a contract for lighting the city of San Francisco with gas, executed on the part of the city by committees of both boards of aldermen, under the authority of ordinance No. 249. The ordinance authorizes the contract, "subject to confirmation by the Common Council for the city." The contract was confirmed by a joint resolution of the Common Council. The defence set up is, that the contract ought to have been confirmed by ordinance, and that the claim of the plaintiff had been presented to the board of examiners appointed by the city, in pursuance of the act of May 7, 1855, and had been rejected by said board. The case was referred, and the referee found the above facts, among others, not necessary to the decision of the Court. The Court below rendered judgment for defendant. Plaintiff appealed.

*James C. Stebbins* for Appellant.

I. The approval of the Mayor was not necessary to the joint resolution of the two boards of the Common Council confirming the contract.

An ordinance is properly an act of legislation. Whatever act of the two boards is a legislative act, such act is expressed in the form of an ordinance, and the approval of the Mayor is necessary. But his approval is not necessary to any act which is not a legislative act.

The ordinance set forth in the case, requiring the select committee on gas to advertise for proposals, and to accept such proposals as should be most advantageous, is properly an act of legislation, an ordinance, and as such was presented to the Mayor for his approval. It prescribed something to be done; whereas the acceptance of proposals, and the execution of a contract, and the confirming of a contract, can in no wise be regarded as legislative acts, and the resolution approving the contract, as it neither orders, directs, commands, nor prohibits anything being done, in no respect partakes of the nature of a legislative act.

The ordinance required the contract to be confirmed by the Common

Council. It was confirmed almost unanimously by both boards, and it would be a thing unheard of, to require the approval of the Mayor to a mere resolution confirming a contract.. Besides, the Mayor had already acted in the matter, by approving the ordinance which required a confirmation by the Common Council.

There can be no doubt that a corporation may contract by agent. See Angell & Ames on Corporations, §§ 231, 276, 277, 282, 291.

II. The action of the board of examiners cannot, upon any principle of law, or reason, or justice, be deemed a bar to a recovery of the amount which was submitted to them. They were not a court; their proceedings were not conducted according to any known system of determining contested rights; they were selected and appointed by only one party; no opportunity was given the holders of the claim to produce witnesses, or cross-examine the witnesses produced by the board, or to appear and be heard by counsel. It is impossible that the proceedings of such a board should be final. See 1 Greenleaf on Evidence, § 528, *et seq.*

*Wm. Duer* for Respondent.

1. The contract sued on was made in a manner unauthorized by the city charter. The powers conferred on the city by its charter, can only be exercised by ordinance signed by the Mayor, and the power to contract cannot be delegated to the Common Council in such manner as to deprive the Mayor of his veto power. The contract in question, not having been sanctioned by ordinance signed by the Mayor, is therefore not binding on the city. Ang. & Ames on Corp., § 277, and cases there cited; Thompson *v.* Schermerhorn, 9 Barb. R., 152, S. C. in Error; 2 Selden R., 92.

2. The advertisement for proposals to contract for furnishing the city with gas, not having been authorized by the Common Council, the contract made is in violation of the charter. Act to incorporate the City of San Francisco, Art. VI, sec. 7; Laws of California, p. 954; Christopher *v.* the Mayor, etc., of New York, 13 Barb. R., 567.

3. The remedy of the plaintiffs, if any, is by assumpsit on a *quantum meruit.* When the contracts of a corporation not illegal, are invalid from a defective execution, the corporation is liable to the extent of any benefit actually received. Boisgerard *v.* the New York Banking Co., 2 Sand. C. R., 23; 14 Eng. L. and E. Rep., 18; 9 Ibid., 489; White *v.* Franklin Bank, 22 Pick., 181.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

We are at a loss to understand on what ground the Court below based its judgment. The ordinance was a sufficient authority for the original contract, and the confirmation by the Common Council, by joint resolution, was all that was contemplated. Had it been the intention of the Council to require a confirmation by ordinance, they would doubtless so have expressed themselves, in which event, the approval of the Mayor would have been necessary.

It is no bar to the plaintiff's claim that it was presented to the board of examiners; the rejection only denied him the privilege of funding it, but did not destroy the validity or impair the obligation of his contract, and his right to prosecute it is as perfect as it ever was.

Judgment reversed, and new trial ordered.