890          KENTUCKY REPORTS.          [Vol. 115

Gleason v. Barnett and Others.   Louisville v. Gleason and Others.'

----

CASE 104—ACTION BY J. R. GLEASON AGAINST ANDREW BARNETT AND
     OTHERS TO ENFORCE A LIEN FOR THE COST OF STREET IMPROVE-
     MENT.—MARCH 5, 1901.

# Gleason v. Barnett and Others.
# City of Louisville v. Gleason and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AGAINST THE CITY OF LOUISVILLE, AND
     PLAINTIFF AND THE CITY OF LOUISVILLE SEPARATELY APPEAL. AF-
     FIRMED.

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—PETITION OF PROP-
     ERTY OWNERS—SIGNING BY AGENT—SUFFICIENCY OF RESOLUTION
     WHERE ORDINANCE REQUIRED—PERMISSION TO LOT OWNERS TO
     IMPROVE STREET—ORIGINAL CONSTRUCTION.

Held:   1. Under the charter of the city of Louisville, providing
     that "the general council may, in its discretion, upon a petition
     of a majority of the property owners on the part of a public
     way proposed to be improved, grant them permission to im-
     prove said public way under the supervision of the engineer," a

petition signed by an agent for property owners, which was granted by the council, was sufficient to protect the property owners in the construction made thereunder, so as to exempt them from further taxation for that purpose.

2. Although the charter required an ordinance for the construction of the street, yet as the council, by resolution, accepted the proposition of the lot owners, and permitted them to incur the expense of the work under the belief that they would be free from further taxation for the purpose, the city can not now charge the property owners with any part of the cost of reconstructing the street, upon the idea that the construction is an original one.

3. The resolution, if it had been passed with the formality required in the enactment of an ordinance, would have been binding as an ordinance.

LANE & HARRISON, FOR APPELLANT GLEASON.

(No brief in the record for Gleason.)

HENRY L. STONE, CITY ATTORNEY, FOR APPELLANT, CITY OF LOUIS-VILLE.

### STATEMENT.

The opinion of the court on the former appeal, Gleason v. Barnett, 20 Ky. Law Rep., 1794, held that the petition of the appellees was sufficient and that the court below erred in sustaining a demurrer thereto. On the return of the case to the court below the case turned upon the defense contained in the second paragraph of the answer of Andrew Barnett and others pleading that the work embraced in the contract between the appellant, City of Louisville, and appellee, J. R. Gleason, was for the *reconstruction* of Highland avenue and not *original construction*, and that the property of the abutting lot owners was not subject to the payment of the cost of said improvement. This is the vital question and the only one passed on by the court below, which erroneously held, as I shall maintain for the City of Louisville, that the improvement of said avenue by appellee Gleason, under his contract, was reconstruction and not original construction. The opinion of the lower court will be found in the new transcript filed on this appeal (pp. 5-19). In pursuance of this opinion the action was dismissed as to the lot owners, Andrew Barnett and others (Ib., 39), and subsequently a judgment was rendered against the City of Louisville for $2,-814.09, with interest thereon at the rate of six per cent. per annum from October 16, 1894, until paid, and the costs expended in the action by the plaintiffs and all costs for which the

892          KENTUCKY REPORTS.          [Vol. 115

Gleason v. Barnett and Others.   Louisville v. Gleason and Others.

plaintiffs were held liable herein.   (Ib., pp. 46-47.)   It is from this latter judgment that the appellant, City of Louisville, prosecutes this appeal.

The appellees, Gleason and Bitzer, have prosecuted an appeal on the same transcript from the judgment dismissing their action against the lot owners, Andrew Barnett and others.

Our contention is:

1. A public way in the city of Louisville could not be lawfully improved by original construction upon the petition of the property owners thereon, under the Act of March 24, 1882, except where such improvement had been authorized and proposed by ordinance of the general council.

2. Where certain persons procured a resolution of the general council in 1888, permitting them to construct a turnpike of macadam sixteen feet wide, leaving seven feet of the carriageway on each side neither graded nor paved, and without guttering or curbing, the lot owners in equity are at most only entitled to a credit for the cost paid by them for said temporary makeshift upon the apportionment warrants for the cost of the original construction of the whole of such carriage-way with vitrified brick pavement, and guttering, curbing, etc., under an ordinance of the general council in 1894.

It is conceded for appellant that only 90 per cent. of the apportionment warrants under the ordinance and contract of 1894 for the original construction of Highland avenue can be adjudged against the lots within the area defined by said ordinance, and that 10 per cent. of the cost of said original improvement must be borne by the appellant city, as the contract sued on is like that passed on in Fehler v. Gosnell, 99 Ky., 394, and Gosnell v. City of Louisville, 46 S. W., 722.

For the reasons urged I ask that the judgment appealed from be reversed with direction to the court below to either:

1. Render a judgment enforcing the lien of the appellees for 90 per cent. of the apportionment warrants sued on against the lots, within the territory defined by the ordinance of 1894, and 10 per cent. thereof against the appellant, City of Louisville; or,

2. That the lot owners, who paid any part of the cost of the construction of the turnpike in Highland avenue in 1888, be allowed credit therefor on 90 per cent. of the amount of the apportionment warrants made out against them, respectively, for the cost of improvement of 1894, and that the appellant city be adjudged to pay the remainder of such apportionment warrants sued on herein for the original improvement of Highland avenue under the ordinance of 1894.

Vol. 115]          APRIL TERM, 1903.          893

Gleason v. Barnett and Others.   Louisville v. Gleason and Others.

T. L. BURNETT, JOHN ROBERTS AND HARDIN H. HERR, FOR APPELLEES.

POINTS AND AUTHORITIES FOR APPELLEES.

STATEMENT OF FACTS.

Opinion of this court on former appeal, Gleason v. Barnett, 20 Ky. Law Rep., 1794.

1. Both by the charter of the City of Louisville of 1870 and that of 1893, property owners are liable for the construction of a street, but not for a reconstruction thereof, as the charters provided that it was the duty of the city at large to maintain and reconstruct streets.   Lucas' Digest of Ordinances, subsec. 2. p. 160; Ky. Stats., 2833 (City Charter, sec. 70); Acts of Ky. Legislature, 1881-2, vol. 1, p. 408; Burnett's Code of Louisville, p. 506; Acts of Kentucky Legislature, 1891-2-3, p. 1265, &c.; Ky. Stats., sec. 2836 (City Charter, sec. 73); Burnett's Code of Louisville, p. 735, secs. 84 to 96; Fox v. Middlesborough Town Co., 96 Ky., 262; Hammett v. Philadelphia, 65 Pa. St., 146; Williamsport v. Beck, 128 Pa. St., 147; City of Harrisburg v. Segelbaum, 151 Pa. St., 172; Philadelphia v. Ehret, 153 Pa. St., 1; Mackin v. Wilson (Ky.), 45 S. W., 663; Versailles v. N. Turnpike Co. (Ky.), 10 S. W., 280; McHenry v. Selvage, 99 Ky., 234, distinguished; Burnett's Code, p. 498.

(a) A lot owner can authorize an agent to sign his name to a petition to a municipal body for a public improvement.   Harvey v. Lloyd, 3 Pa. St., 331; Tucker v. R. R. Co., 27 Pa. St., 281; Skinner v. Avenue Co., 57 Ill., 181; Tibbetts v. Railroad Co., 54 Ill. App., 180.

(b) Act of Kentucky Legislature to amend the charter of the City of Louisville, section 5, Burnett's Code, page 506, did not require a petition to the general council for public improvement to be in writing.

(c) Where a city council has acted upon a petition for public improvement, its decision is final.   Tibbetts v. Railroad Co., 54 Ill. App., 187.

(d) Even if the decision of a city council is not final, it can not be attacked in a collateral proceeding.   Pond Creek v. Boyer, 47 Pac. Rep., 1090.

(e) A city can estop itself from attacking a voidable action, or it can ratify the same.

(f) The rule that a property owner is estopped, by standing by and allowing work to be done on a street, from disputing the apportionment warrant has no application in this State.

(g) The rule that a property owner is estopped by standing

894          KENTUCKY REPORTS.          [Vol. 115

Gleason v. Barnett and Others.  Louisville v. Gleason and Others.

by and allowing the work to be done, from disputing the ap-portionment warrant, has no application where the property owner sets up the defense that the work by the contractor was reconstruction.

(h) Section 12 of the City Charter of Louisville of 1870 was abrogated by section 10 of an act to amend the City Charter of Louisville, passed at the session of the General Assembly in 1871-2, session acts, page 441.

(i) Section 12 of the City Charter of Louisville of 1870 was abrogated by section 5 of an act of 1881, approved March 24, 1882. (Burnett's Code, p. 498.)

(j) Where the charter of a city commits the decision of a matter to the city council and is silent as to the mode, the de-cision may be evidenced by a resolution, and need not neces-sarily be by an ordinance. State v. Jersey City, 2 Dutch (N. J.), 493; Green v. Cape May, 41 N. J. L., 45; Butler v. Passaic, 41 N. J. L., 171; Emery v. San Francisco, 28 Cal., 375; Harney v. Heller, 47 Cal., 17; Indianapolis v. Imberry, 17 Ind., 175; Moberry v. Jeffersonville, 38 Ind., 198; Wire Co. v. R. R. Co., 70 Iowa, 108; City of Crawfordsville v. Braden, 130 Ind., 149; Santa Cruz, &c., Co. v. Heaton, 105 Cal., 162; Buckley v. City of Tacoma, 9 Wash., 253.

(k) The terms "Ordinance" and "Resolution" are used inter-changeably in statutes. Sower v. Philadelphia, 35 Pa. St., 231; Gas Co. v. San Francisco, 6 Cal., 190; 1st Municipality v. Cut-ting, 4 Lou. Ann., 335; Kempner v. Comm., 40 Pa. St., 124; Wahn v. Philadelphia, 99 Pa. St., 337; Bouvier's Law Dictionary, Title Ordinance; State v. Lambertville, 45 N. J. L., 282; Quincy v. R. R. Co., 92 Ill., 21; City of Los Angeles v. Waldron, 65 Cal., 283; Hellman v. Shoulters, 114 Cal., 136.

(l) The records of the city council of Louisville, under the charters of both 1870 and 1893, are public records, and in the courts of this State are entitled to the credit given public records. Ky. Stats., sec. 2775; Lucas' Digest, p. 8; sec. 5, City Charter of 1870.

2. Where a city makes a contract with a contractor that he will construct a street, and that he will deposit bonds to keep the same in repair for five years, in this State the lot owner can only be made to pay 90 per cent. of the face of the appor-tionment warrant against his property, as the contract is ad-ditional burden on his property. Fehler v. Gosnell, 99 Ky., 394; Gosnell v. City of Louisville, 46 S. W., 722; S. C., 20 Ky., L. R., 519.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant, J. R. Gleason, as contractor, under a contract made with the city of Louisville for the construction of a section of Highland avenue between Broadway and Everett, brought this suit against appellees, Andrew Barnett and others, upon the apportionment warrants issued against the respective abutting lot owners for the work done. The city of Louisville was also made a party defendant. The petition alleged that the work named was the original construction of the section of the street named, and was in accordance with an ordinance duly passed by each board of the general council of the city upon the recommendation of the board of public works, and duly published as required by law, and that appellant Gleason was awarded the contract as the result of competitive bidding required by law; all the facts relating to the passage of the ordinance and letting of the bid being set forth in detail and at length. A demurrer was sustained to this petition, and on appeal the judgment was reversed March 11, 1899, 20 R., 1694 (50 S. W., 67); we having held in the opinion then delivered that the petition did state a cause of action against the defendants. An answer was filed, setting up various matters of defense; but they may be summarized in the statement that defendants alleged that in 1888 the street had been graded and macadamized, under the provisions of the city charter, at the cost of the abutting lot owners, and that the construction now being sued for was not original, but was a reconstruction of said work. It appears that in 1888 the locality in question was but sparsely settled, and at the instance of certain citizens residing on Everett avenue the question of macadamizing Highland avenue was agitated; Highland avenue then being a dirt road, in some parts of the winter being almost impassable by reason of mud. The

896          KENTUCKY REPORTS.          [Vol. 115

Gleason v. Barnett and Others.   Louisville v. Gleason and Others.

charter of the city concerning original improvement or con-
struction of streets at the expense of the abutting lot own-
ers was substantially as now, however, expressly provid-
ing: "(1) Public ways, as used in this act, shall mean all
public streets, alleys, sidewalks, roads, lanes, avenues,
highways and thoroughfares, and shall be under the ex-
clusive management and control of said city, with power to
improve them by original construction and re-construction
thereof, as may be prescribed by ordinance; improvements,
as applied to public highways, shall mean all work and ma-
terials used upon them in the construction and re-construc-
tion thereof, and shall be made and done as may be pre-
scribed either by ordinance or contract approved by the
general council.   (2) The general council may in its discre-
tion upon a petition of a majority of the property owners on
the part of a public way proposed to be improved grant
them permission to improve said public way under the su
pervision of the engineer, and within such time as may be
fixed by the general council."

It is claimed for appellees Barnett and others that, under
the last clause of the above statute the citizens in interest
petitioned the general council in 1888 to allow them to con-
struct the improvement on this section of Highland avenue
at their own expense, and that they did so.

Following is the resolution of the council and the petition
under which the construction of 1888 was done:

"Be it resolved by the general council of the city of
Louisville: That property owners, and others interested
therein, be and they are hereby authorized, at their own
expense and free of cost to the city of Louisville, to cause
the improvement of Highland avenue from the north line
of New Broadway northeastward to the line of Everett ave-
nue, in accordance with the specifications hereto attached

Vol. 115]          APRIL TERM, 1903.          897

Gleason v. Barnett and Others.  Louisville v. Gleason and Others.

and made part hereof, to be done and completed as herein provided, subject to the approval of the city engineer, such permission being granted because the street is not in condition for a more perfect and complete construction at the present time."

"To the Honorable Mayor and General Council: We, the undersigned citizens and property holders of the city of Louisville, owning property on the street mentioned respectfully ask that the above resolution be passed.   Pink Varble, Jr., for the Property Owners."

Then follow the specifications, as part of the above resolution.

The work is shown to have been done according to these specifications, under the direction and approval of the city engineer, and accepted by him, and paid for by the property owners.   Under this contract of 1888 the surface of the street was required to be, and was, excavated along Highland avenue for a width of 16 feet, one-half on each side of its center, graded level and smooth, and covered with large broken stones or spalls from the quarries, so as to leave the crown 3 inches higher than outer edges, all smoothly and evenly spread throughout the length and width of the grade, and covered with gravel or fine spalls, so as to bring the surface of the street to the level of the sewer caps.   It seems that this street at the point in question is 30 feet wide, from curb to curb, and that no curbing or guttering had been provided by the original improvements, as well as that the difference between the 16 feet of macadam and the 30 feet was left unconstructed.   The lower court dismissed the petition as against the lot owners, holding the work done under the ordinance of 1894 to have been a reconstruction, and not original construction,

898 KENTUCKY REPORTS. [Vol. 115

Gleason v. Barnett and Others. Louisville v. Gleason and Others.

and adjudged the cost thereof to be paid by the city of Louisville. The city prosecutes this appeal, urging that the work was at least partial, if not wholly, origial construction, and that the cost of it, in so far as it was original construction, should be borne by the lot owners. The contractor appeals, without complaint of the judgment, but that, in event of a reversal for the city, his rights might be protected by a reversal, consequently, of the judgment against him in favor of the lot owners.

The sole question for determination is, was the construction under the ordinance of 1894 original construction, or a reconstruction of the street? For, if it was the former, the lot owners were unquestionably liable; if the latter the city only is liable. In solving this question, incidentally there are presented the following for adjudication: (1) Was the petition signed by Varble a sufficient authorization to protect the lot owners in the construction they made? (2) Was the granting of authority to the lot owners by the resolution of 1888 a sufficient compliance with the law requiring an "ordinance" to justify the construction?

It will be observed, there is nothing in the statute requiring the petition to the general council by the property holders to be in writing or to be signed by them. A personal petition, made by the citizens going in a body to the council chamber, would undoubtedly have been sufficient. Obviously, the purpose of the petition was to apprise the council of the desire or willingness of the property owners to be affected by the improvement, and of the fact of such willingness and readiness on their part to undertake the construction at their own expense. Even had a petition, in writing, signed by a certain number of citizens, been presented, extraneous inquiry would have been necessary, in order to establish to the satisfaction of the council (1)

whether the signers were bona fide residents of the district affected, and (2) whether they constituted a majority. So here the council must satisfy itself that Mr. Varble was authorized by the citizens affected to represent them in the matter, as well as that those so represented constituted a majority of those involved in the proceeding. We perceive no satisfactory reason why the petition might not be presented by an authorized agent, whose signature alone would satisfy the statute, provided he had the authority to represent the principals in the act. Harvey v. Lloyd, 3 Pa. St., 331; Skinner v. Avenue Co., 57 Ill., 151.

More difficulty is presented by the question whether the granting of authority for the improvement should not have been by ordinance instead of resolution. At first glance, this difficulty may not be so apparent, but when it is considered that a resolution may be adopted by both bodies of the general council of Louisville, at the same session, while an ordinance requires at least two weeks to intervene between its passage in one body and in the other, thus affording to the neighborhood affected an opportunity to protest and otherwise be heard as to their desires or objections, it will readily be understood that a valuable purpose was in view in requiring such proceedings to be by ordinance. But here the city has by its action allowed the citizens owning the lots in question to proceed in the expense involved in the original construction of the macadam street, under the supervision and approval of its engineer, and upon plans and specifications furnished by him, and ought not to be allowed to repudiate its action in the premises. Of course, if the resolutions had been passed in the manner and with the statutory formality required in the enactment of an ordinance, the mere fact that it was called a "resolution," and did not follow in strict sem-

blance the usual form of an ordinance, would raise no question of its binding effect as an ordinance. Bouv. Law Dict. tit. "Ordinance"; Sower v. City of Philadelphia, 35 Pa. St., 231; San Francisco Gas Co. v. City of San Francisco, 6 Cal., 190. In Mackin v. Wilson (20 R., 218, 45 S. W., 663) a turnpike road had been taken into the city limits, and afterwards the adjacent property owners had, at their own expense, constructed sidewalks, and dedicated them to the public, with the consent, or at least without the objection, of the city. We held such construction of the sidewalks to be an original construction, so as to deprive the city of the right to compel the construction of new or more substantial walks at the expense of the lot owners. This case presents a much stronger equity for the lot owners than that one. For here the city, by resolution, adopted the proposition of the lot owners to construct a macadam street according to specifications prepared by it, the work to be done under the supervision of its engineer, and permits the property owners to incur the expense incident to the work, under the evident belief that when they had discharged this obligation, their property would be free from further taxation for the same purpose. It is clear that the city should be bound by this proceeding, and, so far as the carriage way of this portion of Highland avenue is concerned, must be held to have exhausted its right to compel its construction at the expense of the abutting property owners. Such having been the ruling of the learned judge below, the judgment is affirmed in each appeal.