## Robertson, et al. v. Southern Bitulithic Company, et al.

(Decided January 28, 1921.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—Street Improvements—Liability of Lot Owners.—There is no common law liability upon lot owners to pay for street improvements; the liability is purely statutory, and to create a valid lien the statute must be followed.

2. Municipal Corporations—Street Improvements.—Where an ordinance for the improvement of a street provided that the work should be completed within six months after the passage of the ordinance, time not being of the essence of the contract as between the city and the property owners, the latter are not exempt from the payment of an apportionment for their part of the improvement where the city later extended the time for the completion of the work.

3. Municipal Corporations—Ordinances—Resolutions.—Under Ky. Stats., sec. 3235c, authorizing cities of the second class to be organized under the commission form of government, the distinction between the formalities attending the passage of an ordinance and a resolution is removed and they are placed upon the same basis of deliberation and efficacy.

4. Municipal Corporations—Street Improvements.—Ky. Stats., sec. 3235c, authorizes the construction or reconstruction of streets by either an ordinance or a resolution.

5. Municipal Corporations—Ordinances.—The extension of time for the completion of public work authorized by an ordinance may be granted by a resolution where, under the commission form of government, both an ordinance and a resolution are passed in the same manner.

6. Municipal Corporations—Street Construction.—Property owners will not be exempt from the payment of their part of the cost of construction of a street on the ground that the work was not completed within the time specified in the ordinance, where an extension was granted in a resolution passed after the period specified, the contractor having completed the work as per his contract, since under Ky. Stats., sec. 3100, it is provided that no error in the proceedings of the general council shall so exempt the property and which authorizes the courts to make all corrections that may be necessary to do justice to all parties.

JAMES CAMPBELL, JR. for appellants.

BRADSHAW & MacDONALD for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Paducah is a city of the second class organized under the commission form of government.

By an ordinance adopted April 10, 1916, and recorded the next day, the board of commissioners authorized the construction of Broadway from Eleventh to Sixteenth streets, on the ten year payment plan. It is provided in the second section of said ordinance that said work shall be completed on or before six months after the passage and recordation of said ordinance.

The contract for the work was awarded the Southern Bitulithic Company in a contract approved September 26, 1916, in section six of which it is provided the contractor shall commence the work within ten days after notice from the commissioners instructing it to proceed, the work to be completed within six months following the service of said notice.

By a resolution passed October 23, 1916, and recorded the following day, the commissioners extended the time for the completion of the aforesaid contract to October 1, 1917, work not to be commenced before April 1, 1917.

In said resolution the time for the completion of the work is given as October 25, 1916, whereas it should have been September, 1916, six months from the date the ordinance was recorded. It will be noted that this resolution was not passed until more than six months after the original ordinance became effective.

Appellants, the owners of property abutting said improvement, declined to pay the amount assessed against them, suit was filed on the apportionment warrants, and from a decision adverse to their contentions, they have appealed.

It is insisted that no valid lien was created for the cost of the improvement because the time for the completion of the work, as provided in the original ordinance, had expired before the commencement of the work. It is also contended that a lien for such improvements can be created by ordinance only and not by an order or resolution.

There is no common law liability upon lot owners to pay for street improvements; this liability is purely a creature of statute, and the latter must be followed to create a valid lien. City of Henderson v. Lambert, 14 Bush 24.

Under Kentucky Statutes, section 3096 (a part of the charter of cities of the second class), the general coun-

cil may by ordinance provide for the improvement of streets and other public ways. There is no complaint that the original ordinance did not follow this statute. We are concerned only with the fact that the work was not commenced nor completed within the period provided, as well as the validity of the resolution extending the time for completion.

The difference between an ordinance and a resolution is that the former prescribes a permanent rule of conduct or government while the latter is an order of the council of a special or temporary character. The ordinance is the more deliberate of the two and attended with the greater solemnity. Uusually an ordinance can not become effective or be adopted at one meeting.

In practical operation, however, the distinction between the two depends upon the formalities attending the adoption of the respective acts. Dillon on Mun. Corp., secs. 571 and 633, and see City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498.

In subsection 14, Kentucky Statutes, section 3235c, authorizing the organization of a second class city under the commission form of government, the distinction between the formalities attending the passage of an ordinance and a resolution is removed and they are placed upon the same basis of deliberation and efficacy. Under the same subsection, the construction or reconstruction of streets may be ordered by either an ordinance or resolution.

The reason for this change is plain. Under the commission form of government, the general council is abolished, and with few exceptions, the legislative, executive and administrative powers of the city are vested in the board of commissioners composed of the mayor and four commissioners. (Subsec. 12, sec. 3235c, Kentucky Statutes.)

A resolution adopted with all the formalities required in the case of an ordinance will be regarded as an ordinance and given effect accordingly since the substance, and not the form of the corporate act, is what governs. Dillon on Mun. Corp., sec. 571; Gleason, etc. v. Barnett, etc., 115 Ky. 890, 61 S. W. 20. The circumstances considered, we are of the opinion it matters not that the ex-

tension of time for the completion of the work on Broadway was granted in what was termed a resolution.

Ordinarily a contract for municipal work must be completely performed within the specified time, but this is not the question before us. The contract was awarded within the six months period. It would have been impossible for the work to have been done between September 26, 1916, and October 25, 1916. The commissioners and contractor well knew this, hence the allowance of additional time. As between the contractor or the city on the one side and the property owners on the other, time was not of the essence of the contract. The delay did not disadvantage the appellants. As a matter of fact, had the street been constructed under a contract executed in the spring of 1917, the cost of materials at that time would have increased the amount apportioned against each of the appellants; they profited by the earlier made contract. The time for doing work relating to public improvements is within the municipal discretion, nor did the commissioners violate this discretion when they extended the time within which the work should be done.

In another portion of the city's charter, Kentucky Statutes, section 3100, it is provided:

"Nor shall any error in the proceedings of the general council exempt any property from the lien for, or payment of such taxes after the work has been done and accepted as provided in this section, but the general council or the courts in which suits are pending, shall make all corrections, rules and orders to do justice to all parties concerned."

In Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129, it was held this section applied to any irregularity or informality in the adoption of a resolution or the prosecution of the work incident to a public improvement, and in Denton, et al. v. Carey-Reed Co., et al., 169 Ky. 54, 183 S. W. 262, it was held applicable to a failure to file the executed contract and bond within thirty days as required by law.

A similar section of the statute, to-wit: Kentucky Statutes, section 2834, was held to apply in cases where it was claimed an ordinance was invalid because not recommended by the board of public works. Gleason, etc. v. Barnett, etc., *supra*. And in City of Louisville v.

American Standard Asphalt Co., etc., 125 Ky. 497, 102 S. W. 806, section 2834 was held as sufficient authority to order the correction of an erroneous apportionment.

It is not claimed the work was not done according to the contract, nor is it shown that appellants have been prejudiced in any wise. Since no error in the proceedings of the general council, or the commissioners in the present instance, shall exempt from payment after the work has been done, under the mandate of the statute and to the end that justice might be done to all parties, if there was any error in the proceedings pertaining to the improvement of Broadway between Eleventh and Sixteenth streets, the lower court very properly held that it was such as could and should be corrected and the property owners were not exempt from liability for their part of the cost of the improvement.

Further reason for this conclusion is found in the same statute (sec. 3100), wherein it is said:

" . . . And in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3096." (Exceptions not applicable here.)

It would not be meting out justice to the contractor, who has admittedly performed the obligations of his contract, to shoulder this loss on him when the city is not liable and where the property owner has received the benefit of the work.

The beneficent and just intention of the legislature as expressed in Kentucky Statutes, section 3100 and similar sections, should not be thwarted. It was intended by the legislature that technical objections formerly interposed to wholly defeat the claims of the contractor should give place to the more just provisions of the statute, where there has been a substantial compliance with the ordinance and contract, and to enable the courts to render a judgment such as will do complete justice to all parties. Courts of equity should be slow to exempt from liability under circumstances such as are presented by this record; on the contrary, they should adopt a construction that will preserve rather than defeat the contractor's right.

The fact that appellants protested against the work being done does not change the situation; there was no ground for protest, besides the notice was not delivered

until the contractor had begun the actual work of construction.

Finding no error in the judgment appealed from, same is accordingly affirmed.