**CITY OF CORBIN, KY., et al. v. JOSEPH GREENSPON'S SONS IRON & STEEL CO.**

No. 5934.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1931.

William Wallace, of Lexington, Ky. (Oscar W. Black, of Corbin, Ky., and Fowler, Wallace & Fowler, of Lexington, Ky., on the brief), for appellants.

Squire R. Ogden, of Louisville, Ky. (Robert G. Gordon, of Louisville, Ky., A. T. W. Manning, of Lexington, Ky., and Gordon, Laurent & Ogden, of Louisville, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

In September, 1928, Corbin, Ky., a city of the third class, sold a franchise for the distribution of gas in the city to Luker, who immediately transferred it to Dulin. In 1929 Dulin died, and in February, 1930, Mrs. Dulin, his administratrix, assigned the franchise to the Freeman Gas Company. In April following the Freeman Company assigned it to appellee. Proceeding under the franchise in May of 1930 appellee began the construction of mains and distributing lines in the city. The officials of the city undertook to prevent the construction, and this action was brought by appellee against the city to enjoin it from so doing. Upon the hearing of the case, a perpetual injunction was issued enjoining the board of commissioners and the city from interfering with the work or the exercise by appellee of the rights and privileges granted in the franchise.

The several grounds on which the franchise was attacked in the court below are insisted upon on this appeal. The first is that it was not sold within the time fixed in the ordinance directing its sale. The ordinance, which was passed June 5, 1928, provided: "The said franchise shall be sold by the Mayor within sixty days after this ordinance becomes effective and at 12 o'clock noon. The exact date shall be fixed by the Mayor." The sale was not made until September 13, more than sixty days after the ordinance became effective. There is nothing in the state Constitution or statutes which made it the duty of the board to make the sale within sixty days from the date of the passage of the ordinance. It was therefore within the power of the board, when the ordinance was passed, to fix the date of sale as of the date it was made. It also had the right thereafter to change the date as originally fixed. It did not do this, but, by a resolution passed eight days after the sale, confirmed the sale and accepted the purchase price. This action on its part, it

seems to us, was a ratification of the sale, and made it quite as valid as if held on the original date.

■■ The ordinance gave the purchaser the right to construct and maintain mains and distributing lines in the streets of the city. Section 3290-35, Kentucky Statutes, provides that, before granting such rights, the city "shall first, after advertising same for a period not less than thirty days, in some newspaper published in said city, receive bids therefor publicly, and award same to the highest and best bidder." There was no daily newspaper published in Corbin, and in consequence advertisement of the sale was inserted in a weekly publication, the Corbin Times Tribune. The text of the franchise was published in the issue of that paper of August 10. In the next regular issue of August 17 there appeared no advertisement, but full notice was published in the succeeding issues of August 24, 31, and September 7. It is contended for appellants that the failure to publish the notice in consecutive issues of the paper for a period of thirty days rendered the franchise void.

The statute in question has never been construed by the Court of Appeals of Kentucky. In dealing with like statutes, the court has generally looked to the purposes to be effected in determining whether requirements as to notice shall be liberally or strictly construed. It is to be noted, too, that the Legislature did not see fit to fix any time for advertising the sale of franchises by cities of the fourth, fifth, and sixth classes, and that for cities of the second class provided only that "due advertisement" should be made in one or more papers of the city. It is not suggested that there is any reason for this legislative distinction. Lacking any basis for it or any reason which might lead to the belief that notice by "due advertisement" as required by the Constitution (section 164, Kentucky Constitution) is not sufficient, we conclude that the provision in this statute should be liberally construed.

We cannot construe the word "for" preceding the phrase "a period not less than thirty days" as the equivalent of "during." The Court of Appeals, it is true, in Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535, decided that the failure to publish a notice of election daily for two weeks just preceding the election rendered the election invalid under section 3069 of Kentucky Statutes. In that case the statute provided that the notice should be published for at least two weeks "just preceding the election in the official newspaper in and for such city," etc. The statute applicable to this case makes no provision for publication "just preceding the election," but says "for a period not less than thirty days," being almost identical with the statute involved in Woodward v. Collett, 48 S. W. 164, 165, 20 Ky. Law Rep. 1066, which provided for publication "for at least ten days." In the Woodward Case the court held that the insertion of the notice in the paper one time ten days before the date of the letting was a compliance with the statute. Hatfield v. City of Covington not only does not overrule this decision, but cites it with seeming approval. We have been cited to no case which construes a clause more nearly similar to the clause here involved than the two cases referred to. Manifestly, therefore, there is no controlling decision by the Kentucky courts. From a general point of view, which may be taken in the absence of such decision, it is apparent that the purposes of the statute were fully met by the publications that were made, and, that being true, we hold that the notice was sufficient.

■■ The purchaser of the franchise and his assignee did not form an organization and commence business within one year from the date of the sale of the franchise. It is accordingly argued that the franchise became absolutely void at the end of the year. The statute upon which the argument is based reads: "All such grants [i. e., grants of franchises] shall expire and become void, notwithstanding a consideration shall have been paid therefor, unless a bona fide organization shall have taken place and business been commenced and prosecuted thereunder in good faith within one year from the date thereof." Section 3290-35, Kentucky Statutes. Appellee insists that the word "void" as used in this statute is to be construed as voidable, and that it was within the power of the city in its own interest to waive the provisions of the statute, which it says the city did by granting extensions for forming the organization and commencing business.

It is of course true that a franchise granted by a city for a valuable consideration is a contract, and it necessarily follows that a city, having the right to make such contract, may change it with the consent of the other party. Whether any substantial change would be upheld unless supported by a consideration we do not for the pres-

942

ent consider. "Void," as used in statutes, has often been held to mean only voidable at the option of the party for whose protection it was used. Ewell v. Daggs, 108 U. S. 143, 2 S. Ct. 408, 412, 27 L. Ed. 682; United States v. N. Y. & P. R. Steamship Co., 239 U. S. 88, 36 S. Ct. 41, 60 L. Ed. 161. In the Ewell Case, the court said the words "to be void 'and of no effect'" are "often used in statutes and legal documents, such as deeds, leases, bonds, mortgages, and others, in the sense of voidable merely, that is, capable of being avoided, and not as meaning that the act or transaction is absolutely a nullity." A like construction has been placed upon statutes of the state of Kentucky by the Court of Appeals of that state. Thornton v. McGrath, 1 Duv. (62 Ky.) 349; Kentucky Farmers' Ins. Co. v. Mathers, 7 Bush. (70 Ky.) 23, 3 Am. Rep. 286. If the phrase with which we are here concerned, "shall expire and become void," were used in a contract between individuals, it could hardly be contended that "void" should not be construed as voidable at the election of the party to be protected. There is no public policy, so far as we are advised, which requires a different construction where the contract is between a municipality and an individual. The city had the right to refuse to grant an extension and to declare the franchise at an end at the expiration of the period in which the work was to be started. Every public interest, therefore, which it was the duty of the city to protect, could be protected under a "voidable" provision—indeed, under such provision the city had an alternative which in some circumstances would best serve the public interest. We think the term as used in this statute should be so construed.

Nor in our view is there any qualifying significance in the words "shall expire." They are not used adjectively, and of themselves import nothing more than "void." In Bowman v. Foot, 29 Conn. 331, 338, the court said: "There is no peculiar significance to the words 'shall expire and terminate.' They mean just as much, and just as little, as would the more common phrase, 'shall become void,' if inserted at the same place. * * * Accordingly, such stipulations are now universally taken to be for the advantage of the landlord. 'Void' means 'voidable at his election.' * * * 'Expire and terminate' is also an elliptical phrase, meaning 'expire and terminate at the lessor's option.'"

Before the expiration of the year from the date of the passage of the original ordinance, the city adopted another ordinance granting a six-month extension of time to Dulin in which to form an organization and commence business. It is the contention of appellant that this amendatory ordinance was invalid because, first, the board was without power to grant such an extension; and, second, the granting of it was without consideration. While the statute fixing the time to commence business must undoubtedly be regarded as having been written into the franchise contract, there is nothing in the Constitution or statutes of the state which took away from the parties the right to change the contract just as any other contract might be changed. Extensions of time to begin work under municipal franchises have in several instances been sustained by the Kentucky courts, and it has been uniformly held that such extensions do not amount to the granting of a new franchise. Appellant contends, however, that this has been done only upon the passing of new considerations. It is true that in some of the cases such changes have been sanctioned, in part at least, upon what was thought to be a consideration to the municipality. Cumberland Co. v. City of Hickman, 129 Ky. 220, 111 S. W. 311. Others, it seems to us, rest fundamentally upon the ground of a waiver of the details of executing the contract. In Louisville Home Telephone Co. v. City of Louisville, 130 Ky. 611, 113 S. W. 855, 861, an ordinance was sustained which in effect modified existing franchise rates. One member of the court dissented upon the ground that there was no consideration for the modification. Again, in Lutes v. Fayette Home Telephone Co., 155 Ky. 555, 160 S. W. 179, an ordinance which removed all limitation on rates was held valid. There was a dissent in that case also upon the ground of lack of consideration. While the court held in Gathright v. Byllesby & Co., 154 Ky. 106, 135, 157 S. W. 45, 58, that there was a consideration for the waiver of the provision in the franchise there under consideration, it took occasion to approve the ruling in Louisville Home Telephone Co. v. City of Louisville, supra, saying it was held in that case that a city could "waive a contract in the franchise which had been made for the benefit of the citizens," and pointing out that the dissent was "rested upon the ground that it could not do so in the absence of a valuable consideration therefor." See, also, the later cases of Johnson County Gas Co. v. Stafford, 198 Ky. 208, 248 S. W. 515, and Russell v. Kentucky Utilities Co., 231 Ky. 820, 22 S.W.(2d) 289, 66 A. L. R. 1238.

■ Even if it were not within the power of a city to waive a provision put into a franchise for its benefit, there are considerations in the present case which, in our opinion, justified the extensions. The city had no gas supply. It had sold a franchise, but the purchaser had not been able to furnish, or at least had failed to furnish, the gas. The time in which the purchaser was required to commence business was about to expire, and it requested an extension of the time. No one else apparently desired to furnish the gas; certainly no one was in position to furnish it more quickly. The city, being anxious to obtain gas for its citizens, granted an extension to the holder of the franchise, believing presumably that a supply of gas would be obtained in that way more quickly than in any other. These public considerations, in our opinion, were a sufficient consideration for the extension.

The second extension was made by resolution adopted March 4, 1930, three weeks before the expiration of the first. Its validity is attacked upon the ground that the Freeman Gas Company, to which the extension was granted, was not in fact the owner of the franchise. It appears in the proofs that Dulin died in 1929 the owner of the franchise, and that Mrs. Dulin was appointed administratrix of his estate, and on February 8, 1930, made a written assignment and conveyance of the franchise to the Freeman Gas Company. It is the position of appellants that this assignment did not pass title, because a franchise is real property which a personal representative may not assign or sell. Reliance is placed on a statement in the opinion of the Court of Appeals in Cumberland Telephone & Telegraph Co. v. City of Hickman, 129 Ky. 220, 111 S. W. 311, 314, to the effect that "this right [franchise right], which is most akin to a right of way, is the subject of grant, which partakes, in turn, of the nature of a contract." We observe, first, that it was not an issue in that case and was not decided therein whether a franchise is or is not real property. In the later case of Louisville Home Telephone Co. v. City, supra, the court speaks of a franchise granted by a city as "a contract by the city with the grantee for the performance of a public service." There is in neither of these cases, nor in any other decision of the state courts, so far as we are informed, an exact classification of a franchise with respect to real or personal property. It has been held that franchises partake of none of the "attri-

butes or characteristics of real property, or things real." Van Dyck v. Bloede, 128 Md. 330, 97 A. 630, 632. The question need not be decided in the present case, for it appears that by deed of September 9, 1930, all the heirs of Dulin confirmed the assignment made by Mrs. Dulin and conveyed all of their interest in the franchise and in Dulin's gas properties to appellee. Thus there was a confirmation of the beneficial interest which passed under the assignment of Mrs. Dulin acting as administratrix of Dulin "for and on behalf of all of the heirs-at-law."

■ The remaining contention as to the second extension is that it was not within the power of the city to make the extension except by ordinance "twice publicly read" and passed at "two sessions, held on different days." Section 3279, Kentucky Statutes. But appellant is a city of the third class governed by a board of commissioners, and the procedure for the adoption of resolutions and ordinances by such cities is set out in section 3480b-13 of Kentucky Statutes. The resolution granting the second extension was passed conformably to this statute. While the act providing for the organization of a commission form of government in cities of the third class left in effect all previous laws applicable to and governing such cities not inconsistent therewith (section 3480b-2, Kentucky Statutes), it is manifest that sections 3480b-13 and 3480b-14 were intended to provide a complete procedure for the adoption of resolutions and ordinances under the commission form of government. Similar statutes applicable to cities of the second class were held to have that effect in Robertson v. Southern Co., 190 Ky. 314, 227 S. W. 453, and it may be noted also that that case decides that the time fixed in an ordinance to commence work may be effectively extended by a resolution passed at a meeting held after the expiration of the time.

■ Before the expiration of the second extension, the city attempted to revoke it by ordinance adopted April 1, 1930, for the reason, as stated in the ordinance, that the extension was obtained by false representations. The answer of appellants set up and relied upon this ordinance as a defense to the action. It is hardly necessary to say that, in the absence of a power reserved in the resolution granting the extension, the city could not revoke it without a judicial determination of the rights of appellee. It was open to appellants to claim, and they have claimed in this action, that the exten-

sion was obtained by false representations. Issue was joined in the proofs upon these claims, but obviously appellants were not entitled to a decree thereon in their behalf, unless it were shown by clear and convincing evidence that the representations related to a material fact, were known to be false by appellee, were not known to be false by appellants, and were relied upon by appellants in granting the extension. Southern Development Co. v. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678; Farrar v. Churchill, 135 U. S. 609, 10 S. Ct. 771, 34 L. Ed. 246. Without detailing the evidence relating to these various claims, including appellant's knowledge of the Freeman Company, its purposes and aims, it may be stated that the court below would not have been justified in setting aside the extension upon the ground of fraud or misrepresentation.

The decree is affirmed.