## City of Hickman et al. v. Helm.

(Decided May 15, 1936.)

J. A. WHIPPLE and W. J. McMURRY and WEBB & WEBB for appellants.

HOLIFIELD, McDONALD & BOAZ for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming in part and Reversing in part.

This is an appeal from a judgment of the Fulton circuit court sitting in equity. Appellee, Alice Helm, brought this suit against the city of Hickman, its mayor, board of council, and various other officers, to enjoin the collection of tax bills against her property for the years 1929 to 1934. Various grounds are set out in the petition on which it is claimed that the purported levies are invalid, but we find it necessary to consider but one of the grounds advanced. It is alleged in the petition that the taxes in controversy were levied by a resolution of the board of council, and not by an ordinance as required by section 4281u-2 and section 3490 et seq. of the Kentucky Statutes. The chancellor overruled a demurrer to so much of the petition as asserted this ground, and the city, electing to stand on its demurrer, suffered a judgment to go against it enjoining the collection of the alleged taxes.

It is clear that if the attempt to levy taxes by a resolution instead of by an ordinance is invalid, then the city was acting without authority in its attempt to collect the amounts claimed from appellee, and it is not only unnecessary to consider the other questions raised, but also our decision thereon would be pure dicta under the circumstances and based on a most unsatisfactory presentation of the facts involved, for none of the resolutions seeking to levy taxes, nor any of the alleged ordinances relating to the other questions, nor any audit of the city's finances, is filed with the petition. We are limting our investigation of the propriety of the judgment, therefore, to the sole question of the validity of the tax bills sought to be collected in view of the fact that the levy was made by a resolution, and not by an ordinance.

Section 4281u-2 provides, in part:

"All taxes for counties shall be levied by order or resolution of the fiscal court; and all taxes and license fees for cities and towns shall be levied by ordinance."

We have had occasion frequently to point out that there is a difference between an ordinance and a resolution. In Robertson v. Southern Bitulithic Co., 190 Ky. 314, 227 S. W. 453, 454, we said:

"The difference between an 'ordinance' and a 'resolution' is that the former prescribes a permanent rule of conduct or government, while the latter is an order of the council of a special or temporary character. The ordinance is the more deliberate of the two and attended with the greater solemnity. Usually an ordinance cannot become effective or be adopted at one meeting.

"In practical operation, however, the distinction between the two depends upon the formalities attending the adoption of the respective acts. Dillon on Mun. Corp. secs. 571 and 633. And see City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498."

See, also, Masonic Widows' & Orphans' Home et al. v. City of Corbin, 229 Ky. 375, 17 S. W. (2d) 215.

It has also been determined that where a resolution is enacted with all of the formalities requisite to a valid formal ordinance, it is immaterial whether the council calls the document a resolution or an ordinance. We consider the steps taken, and not simply the name applied. Massey v. City of Bowling Green et al., 206 Ky. 692, 268 S. W. 348; Gleason v. Barnett (City of Louisville v. Gleason), 115 Ky. 890, 61 S. W. 20, 22 Ky. Law Rep. 1660. In the case at bar, we are confronted with a question of pleading. The petition alleges that the board of council failed to enact, adopt, or publish any ordinance levying a tax for the years in question. Certainly this allegation would be sufficient if the plaintiff had contented herself with saying nothing further. She alleges, however, that the council attempted to levy a tax by a resolution, and it is urged on behalf of the appellant city that it was incumbent upon appellee to set out facts which would show that the resolution was

not the equivalent of an ordinance. With this argument we cannot agree. If no ordinance was enacted, and this is what appellee alleged, then the tax bills are invalid. If, on the other hand, the appellant city contends that the resolution was passed with all of the formalities of an ordinance, so that it was in fact an ordinance, this was matter of defense, and appellant city should have denied that no ordinance was enacted, adopted, or published. The unnecessary recital in the petition that the city attempted to levy a tax by resolution did not destroy the efficacy of the previous allegation to the effect that no ordinance was enacted.

Accepting the admitted allegation of the petition that there was no ordinance levying these claimed taxes, it is obvious that the chancellor did not err in enjoining the collection of the bills in question. The judgment went beyond the point here discussed, however, and undertook to enjoin the appellants not only from collecting the tax bills here involved, but adjudged that appellants were without power to levy the taxes in question for various reasons. The petition shows on its face that the circumstances are such that a valid levy might possibly be made on these items if the city chooses to do so. Under these circumstances, it was clearly unnecessary to do more than enjoin the collection of the tax bills sought to be enforced in order to give plaintiff all of the relief to which she was entitled. There is no apparent reason why the court need go further and enjoin the levying of taxes in the future. Particularly is this true when, as here, it appears that a valid levy may possibly be made if the proper steps are taken to that end and the city chooses to take them. So much of the judgment, therefore, as seeks to enjoin the levying or collecting of taxes in the future will have to be reversed. That portion of the judgment which enjoins the collection of any taxes based on the illegal and void tax bills now complained of is affirmed.

Wherefore, the judgment is affirmed in part and reversed in part.